Dan A. Druz (DD-6177)
291 E. Main St.
Suite 1000
Manasquan, NJ 08736
(732) 223-7676
Attorney for Defendants
Greg Capra
Pristine Capital Holdings, Inc.

**Judge Hellerstein**

**07 CIV 8524**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLIVER VELEZ,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>FINANCIAL INDUSTRY REGULATORY AUTHORITY, GREG CAPRA AND PRISTINE CAPITAL HOLDINGS, INC.,<br><br>　　　　　　Defendant. | SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NEW YORK<br>INDEX NO. 07/112799<br><br>CIVIL ACTION NO.<br><br>NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK |



TO:　The Judges of the United States District Court
　　　Southern District of New York

　　　Franklin Ogele, Esq.
　　　One Gateway Center, Ste 2600
　　　Newark, NJ 07102

　　　FINRA Dispute Resolution
　　　Northeast Processing Center
　　　One Liberty Plaza
　　　165 Broadway, 27th Fl
　　　New York, NYC 10006

MADAMES/SIRS:

Dan A. Druz (DD-6177)
291 E. Main St.
Suite 1000
Manasquan, NJ 08736
(732) 223-7676
Attorney for Defendants
Greg Capra
Pristine Capital Holdings, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLIVER VELEZ,<br><br>                    Plaintiff,<br><br>vs.<br><br>FINANCIAL INDUSTRY REGULATORY AUTHORITY, GREG CAPRA AND PRISTINE CAPITAL HOLDINGS, INC.,<br><br>                    Defendant. | SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NEW YORK INDEX NO. 07/112799<br><br>**CIVIL ACTION NO.**<br><br>**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK** |

TO:   The Judges of the United States District Court
      Southern District of New York

      Franklin Ogele, Esq.
      One Gateway Center, Ste 2600
      Newark, NJ 07102

      FINRA Dispute Resolution
      Northeast Processing Center
      One Liberty Plaza
      165 Broadway, 27th Fl
      New York, NYC 10006

MADAMES/SIRS:

**PLEASE TAKE NOTICE** that Defendants GREG CAPRA and PRISTINE CAPITAL HOLDINGS INC. ("PCH") hereby remove the above-entitled action from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. Sections 1332, 1441 and 1446; and Section 27 of the Exchange Act, 15 U.S.C. §78aa.

In support of this Notice of Removal, Defendants state:

1.  On September 21, 2007, OLIVER L. VELEZ ("Petitioner" or "Plaintiff") filed a Complaint in the Supreme Court of the State of New York, New York County. The Complaint alleges that there is no agreement to arbitrate disputes that exists between the parties, and that therefore Petitioner seeks an Order and Judgment permanently staying the arbitration against him and enjoining FINRA Dispute Resolution (f/k/a NASD Dispute Resolution) from taking action to proceed with, conduct or hold the arbitration proceeding. A copy of the Complaint and supporting papers is annexed hereto as Exhibit A.

2.  Defendant PCH has its principal place of business at 2333 Brickell Ave., Suite UL7, Miami, FL 33129, and is incorporated in the State of Delaware.

3.  The other defendant, Greg Capra, is also a resident of Florida.

4.  The Financial Industry Regulatory Authority ("FINRA", which comprises the self-regulatory authorities previously known as NYSE Regulation Inc. and NASDR Inc.) is not properly joined as a party to this matter. It is the arbitration facility used by the securities industry at which Defendants commenced the arbitration proceeding that the petitioner here wishes to permanently stay.

5.  Paragraph 1 of Plaintiff's Complaint states that Plaintiff resides in White Plains, New York.

6. The United States District Court for the Southern District of New York has original jurisdiction over this action pursuant to 28 U.S.C. §1332 because it arises between citizens of different states and the amount in controversy in the underlying arbitration proceeding is in excess of $75,000, exclusive of interest and costs.

7. The United States District Court for the Southern District of New York has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and the Securities Exchange Act, § 27 of the Exchange Act, 15 U.S.C. §78aa.

8. The gravamen of Velez's complaint is that he is not subject to the registration and licensing requirements of the federal securities laws, SEC regulations and the rules of FINRA promulgated thereunder, that compel such persons to arbitrate their disputes.

9. In support of his argument, he attaches to his Verified Complaint documents peculiar to the securities industry that are used by federal securities regulators to implement the federal securities laws: Exhibit 1 thereof, consists of pages from the "Form U-4" which is the "Uniform Application for Securities Industry Registration or Transfer"; at Exhibit 2 thereof is attached the "Form U-5" which is the "Uniform Termination Notice for Securities Industry Registration".

10. In further support of his argument the petitioner, at Exhibit "2" attached to his Memorandum of Law, references sections of the NASD ("National Association of Securities Dealers") Manual, which is promulgated pursuant to regulations of the Securities Exchange Commission, and the "Form BD", also known as the form "SEC 1490".

11. Also in further support of his arguments to stay the arbitration, at Exhibit "3" attached to the Verified Complaint, is a letter from FINRA dated September 14, 2007, which

FINRA has since disavowed as incorrect, which had mistakenly informed the petitioner that his obligation to arbitrate was voluntary.

12. A copy of the letter from FINRA, the securities industry self-regulatory agency, that contained the disavowel, dated September 24, 2007, is annexed hereto as Exhibit "B" informing Mr. Velez that the letter it sent to him dated September 14, 2007 was not correct and that his duty to arbitrate is compulsory.

13. Capra and PCH first received a copy of the initial pleading in this action, through service or otherwise, no earlier than September 24, 2007, when the Verified Complaint and Order to Show Cause with supporting papers were served at the offices of the undersigned, PCH's arbitration attorney, via overnight courier service.

14. As of this date, Capra and PCH have not filed a responsive pleading in the action commenced by plaintiff in the Supreme Court of the State of New York, New York County, which response is due on October 3, 2007, and no other proceedings have transpired in that action.

**WHEREFORE**, defendants, PCH, Inc. and Greg Capra pray that the above-captioned matter, now pending against it in the Supreme Court of the State of New York, County of New York, be removed therefrom to the United States District Court for the Southern District of New York.

_____
Dan A. Druz, Esq.

Dated:   October 2, 2007