# EXHIBIT A

UCS-840(REV 1/2000)

# REQUEST FOR JUDICIAL INTERVENTION

Sup Ct _____ COURT, New York COUNTY

INDEX NO. 07/12799    DATE PURCHASED: 9/31/07

| For Clerk Only |
| --- |
| IAS entry date |
| Judge Assigned |
| RJI Date |

PLAINTIFF(S):

Oliver L. Velez

DEFENDANT(S):

Financial Industry Reg. Athority
Greg Capra
Pristine Security Capital Holdings Inc

Date issue joined: _____  Bill of particulars served (Y/N):  [ ]Yes    [ ]No

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## NATURE OF JUDICIAL INTERVENTION (check ONE box only AND enter information)

[ ] Request for preliminary conference

[ ] Note of issue and/or certificate of readiness

[ ] Notice of motion (return date:_____)
Relief sought _____

[ ] Order to show cause
(clerk enter return date:_____)
Relief sought_____

[ ] Other ex parte application (specify:
_____)

[X] Notice of petition (return date: 10/10/07
Relief sought Article 75

[ ] Notice of medical or dental malpractice action (specify:_____)

[ ] Statement of net worth

[ ] Writ of habeas corpus

[ ] Other (specify: _____)

## NATURE OF ACTION OR PROCEEDING (Check ONE box only)

### MATRIMONIAL
[ ] Contested                              -CM
[ ] Uncontested                            -UM

### COMMERCIAL
[ ] Contract                               -CONT
[ ] Corporate                              -CORP
[ ] Insurance (where insurer is a party, except arbitration)   -INS
[ ] UCC (including sales, negotiable instruments)              -UCC
[ ] *Other Commercial                      -OC
_____

### REAL PROPERTY
[ ] Tax Certiorari                         -TAX
[ ] Foreclosure                            -FOR
[ ] Condemnation                           -COND
[ ] Landlord/Tenant                        -LT
[ ] *Other Real Property                   -ORP

### OTHER MATTERS
[ ] *_____                          -OTH

### TORTS
Malpractice
[ ] Medical/Podiatric                      -MM
[ ] Dental                                 -DM
[ ] *Other Professional                    -OPM

[ ] Motor Vehicle                          -MV
[ ] *Products Liability                    -PL

[ ] Environmental                          -EN
[ ] Asbestos                               -ASB
[ ] Breast Implant                         -BI
[ ] *Other Negligence                      -OTN

[ ] *Other Tort (including intentional)    -OT

### SPECIAL PROCEEDINGS
[X] Art. 75 (Arbitration)                  -ART75
[ ] Art. 77 (Trusts)                       -ART77
[ ] Art. 78                                -ART78
[ ] Election Law                           -ELEC
[ ] Guardianship (MHL Art. 81)             -GUARD81
[ ] *Other Mental Hygiene                  -MHYG

[ ] *Other Special Proceeding              -OSP

* If asterisk used, please specify.

**Check "YES" or "NO" for each of the following questions:**

Is this action/proceeding against a

YES    NO                                              YES    NO
[ ]    [X]  Municipality:                              [ ]    [X]  Public Authority:
            (Specify_____)                     (Specify_____)

YES    NO
[ ]    [X]  Does this action/proceeding seek equitable relief?
[ ]    [X]  Does this action/proceeding seek recovery for personal injury?
[ ]    [X]  Does this action/proceeding seek recovery for property damage?

**Pre-Note Time Frames:**
**(This applies to all cases except contested matrimonial and tax certiorari cases)**

Estimated time period for case to be ready for trial (from filing of RJI to filing of Note of Issue):

[X] **Expedited: 0-8 months**    ☐ **Standard: 9-12 months**    ☐ **Complex: 13-15 months**

**Contested Matrimonial Cases Only:** (Check and give date)

Has summons been served?            ☐ No    ☐ Yes, Date_____

Was a Notice of No Necessity filed?    ☐ No    ☐ Yes, Date_____

**ATTORNEY(S) FOR PLAINTIFF(S):**

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| ☐ | Franklin Ogele | One Gateway Ct #600 Newark NJ 07102 | 973-277-423 |
| ☐ | | | |

**ATTORNEY(S) FOR DEFENDANT(S):**

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| ☐ | Dan Drug Esq | 241 Main St #100 Manasquan NJ 08736 | 732-223-7676 |
| ☐ | | | |

**\*Self Represented: parties representing themselves, without an attorney, should check the "Self Rep." box and enter their name, address, and phone # in the space provided above for attorneys.**

**INSURANCE CARRIERS:**

**RELATED CASES: (IF NONE, write "NONE" below)**

| Title | Index # | Court | Nature of Relationship |
|---|---|---|---|

**I AFFIRM UNDER PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.**

Dated:

(SIGNATURE)    Franklin Ogele

(PRINT OR TYPE NAME)

ATTORNEY FOR

**ATTACH RIDER SHEET IF NECESSARY TO PROVIDE REQUIRED INFORMATION**

## CERTIFICATE OF SERVICE

I, FRANKLIN OGELE, Counsel for Petitioner, do hereby state that on this 21st day of Sep 2007, I served the foregoing NOTICE OF MOTION, VERIFIED COMPLAINT, AFFIDAVIT OF OLIVER VELEZ, ATTORNEY'S AFFIRMATION AND PETITIONER'S MEMORANDUM OF LAW to the following RESPONDENTS/PARTIES:

DAN A. DRUZ, ESQ.
291 E. MAIN STREET
SUITE 100
MANASQUAN, NJ 08736

DIRECTOR OF ARBITRATION
THE FINANCIAL INDUSTRY
REGULATORY AUTHORITY
DISPUTE RESOLUTION, INC.
165 BROADWAY
NEW YORK, NY 10006


Franklin Ogele
Attorney for Petitioner – Velez
One Gateway Center
Suite 2600
Newark, NJ 07102
Office: 973 645 0565/Fax: 973 923 7890
Cell 973 277 4239


CERTOFSERVVelez

# FRANKLIN I. OGELE
*Attorney at Law*
One Gateway Center, Suite 2600
Newark, NJ 07102
Email: fogele@msn.com
Web Address: www.ogelelaw.com

*Ph. (973) 645 0565*
*Fax (973) 923 7890*
*Cell (973) 277 4239*

*Bar Admissions*
*New York and New Jersey*

September 20, 2007

The Clerk
Supreme Court
of the State of New York
Assignment Part - 60 Center Street
New York, NY

Re:     Petition/Motion to Stay Arbitration

Dear Sir/Madam:

Enclosed per find the following documents for the above Motion:

*Exhibit A* – Notice of Motion to Stay Arbitration

*Exhibit B* -   Verified Complaint

*Exhibit C* – Affidavit of Oliver Velez

*Exhibit D* – Attorney's Affirmation

*Exhibit E* – Sample Order to Show Cause

*Exhibit F* – Petitioner's Memorandum of Law

Very truly yours,

Franklin I. Ogele, Esq.
Counsel for Petitioner

Velezmoitioncvltr1

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------------------x

In the Matter of Application of                            Index # 07/112799

OLIVER L. VELEZ

**NOTICE OF PETITION
OR MOTION TO
STAY ARBITRATION**

                    Petitioner,

                                                    RECEIVED

For an Order Pursuant to Article 75                  SEP 2 1 2007
of the CPLR to Permanently Stay
Arbitration                                          IAS MOTION
                                                   SUPPORT OFFICE

          -Against-

FINANCIAL INDUSTRY
REGULATORY AUTHORITY
DISPUTE RESOLUTION, INC.
(FORMERLY, THE NASD)
GREG CAPRA AND
PRISTINE CAPITAL HOLDINGS, INC.

                    Respondents
----------------------------------------------------------------x

TO:    DIRECTOR OF ARBITRATION
       THE FINANCIAL INDUSTRY REGULATORY AUTHORITY
       DISPUTE RESOLUTION, INC.
       165 BROADWAY
       NEW YORK, NY 10006

       DAN A. DRUZ, ESQ.
       291 E. MAIN STREET
       SUITE 100
       MANASQUAN, NJ 08736

PLEASE TAKE NOTICE that upon the annexed (1) Affidavit of Oliver Velez dated
September 20, 2007; (2) the Affirmation of Franklin Ogele, Esq.; (3) the Verified
Complaint; and (4) the Memorandum of Law with Supporting Exhibits, including the
Statement of Claim of the Arbitration Before the Financial Industry Regulatory Authority

captioned *In the Matter of the Arbitration between Greg Capra and Pristine Capital Holdings Inc., (Plaintiffs) v. Oliver L. Velez* (Respondent) (Arbitration No. 07-2396) (the "NASD Arbitration"), Franklin Ogele, Esq. Attorney for Velez, will move this Court at the Assignment Part ~~AM 130 Motion Submission~~ of the Supreme Court of the State of New York, County of New York located at ~~60 Centel St, NYC 10007~~ on the ~~10th~~ day of ~~Oct~~ 2007 by 9 :30 am or as soon thereafter as Counsel may be heard, for:

(a)     an Order To Permanently Stay the NASD Arbitration on the ground that there is no agreement between Velez and Plaintiffs to arbitrate any such matter before the NASD.

(b)     an Order granting such other relief as the Court may deems just and proper.

PLEASE TAKE FURTHER NOTICE that, pursuant to CPLR 2214(b), answering papers, if any, must be served upon the undersigned no later than seven (7) days prior to the return date of this motion.

Dated: ~~28th~~ day ~~of Oct~~ 2007

By_____
Franklin Ogele, Esq.
New York Bar Admission #2364974
Attorney for Petitioner
One Gateway Center - Suite 2600
Newark, NJ 07102
Office: 973 645 0565/Fax:973 923 7890
Cell 973 277 4239

NOTICEofMotion



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------x

In the Matter of Application of

OLIVER L. VELEZ

                              Petitioner,

For an Order Pursuant to Article 75
of the CPLR to Permanently Stay
Arbitration

                    -Against-

FINANCIAL INDUSTRY
REGULATORY AUTHORITY
DISPUTE RESOLUTION, INC.
(FORMERLY, THE NASD)
GREG CAPRA AND
PRISTINE CAPITAL HOLDINGS, INC.

                    Respondents

-------------------------------------------------------------x

Index # 07/112799

**VERIFIED COMPLAINT**

Petitioner designates New
York County as the place of
trial. Venue is based on one
of Respondents' principal
place of business

Petitioner, OLIVER L. VELEZ ("Petitioner"), by his attorney, Franklin Ogele, files this verified petition and allege as follows:

1.       Petitioner is and at all times referred to herein a resident of the State of New York, residing in White Plains, New York.

2.       Upon information and belief The Financial Industry Regulatory Authority ("FINRA")[1] formerly, known as the National Association of Securities Dealers, Inc. (the "NASD") is a self regulatory association of securities broker-dealers operating under the oversight of the United States Securities and Exchange Commission ("SEC").

---

[1] *In or about 2007, the regulatory arm of the National Association of Securities Dealers Regulation Inc. effectively merged with the regulatory arm of the New York Stock Exchange, Inc. and adopted the FINRA name. In this Verified Complaint, we will continue to use the more familiar NASD name as opposed to the recently adopted FINRA name.*

3.    The NASD operates the NASD Dispute Resolution, Inc. which conducts hearings to resolve dispute among its members. The NASD Dispute Resolution maintains an office at One Liberty Plaza, 27th Floor, 165 Broadway, New York, NY 10006.

4.    In or about 1994, Petitioner and Capra founded Pristine Capital Management, Inc with Petitioner and Capra holding 50% of the equity respectively.

5.    In or about 2001, Petitioner and Capra founded Pristine Securities, Inc., a broker-dealer and a member of the NASD ("Pristine Securities" or the "Broker-Dealer")

6.    In or about 2001, Petitioner and Capra founded Pristine Services, Inc.

7.    In or about 2001, Petitioner and Capra formed Pristine Capital Holdings Inc. and dissolved Pristine Capital Management Inc. Pristine Capital Holdings Inc. became the holding company for Pristine Securities Inc. and Pristine Services Inc. In addition, the shares of Pristine Capital Holdings Inc. were allocated 47% to Petitioner and 47% to Capra respectively.

8.    Velez was the Chief Executive Officer of Pristine Capital.

9.    Petitioner Velez had no role in the management of Pristine Securities. Velez role in Pristine Securities was limited to that of a capital contributor or participant.

10.    Respondent, Pristine Capital, is not a member of the NASD.

11.    Pristine Securities is not a party to this litigation.

12.    Upon information and belief, Velez was registered as an Associated Person[2] and/or Registered Representative of Pristine Securities.

13.    Upon information and belief and as part of the registration of Petitioner, Pristine Securities filed a Form U-4[3] with the NASD for Petitioner.

14.    The Form U-4 contains a clause binding a signatory to arbitrate disputes. The specific arbitration clause is contained in Section15A(5) of the Form U-4 and states as follows:

> *I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions or by-laws of the SROs indicated in Section 4 (SRO REGISTRATION) as may be amended from time to time....... (Italics mine)*

**<u>See Exhibit 1.</u>**

15.    Upon information and belief, only disputes between a customer and a member and/or an associated person or between a member firm and an associated person of the NASD which disputes must be in connection with the business of a member or in connection with the activities of such associated person may be arbitrated under the NASD rules, provided the parties had executed a legally binding and enforceable agreement to arbitrate disputes.

16.    On or about December 2006, Petitioner resigned as CEO of Pristine Capital and as an Associated Person and/or Registered Representative of Pristine Securities.

---

[2] *The term "Associated Person" is a defined term. The Court is respectfully directed to Footnote #2 of Petitioner's Memoranda of Law in Support of Petition to Stay Arbitration for discussion of the term "Associated Person."*
[3] *Form U-4 is the Uniform Registration Notice for Securities Industry Registration. Form U-4 is filed with NASD's Central Registration Depository to notify regulators and the public at large that a particular person is associated with the filing broker-dealer.*

17.    Upon information and belief and to effectuate his resignation, Pristine Securities submitted a Form U-5[4] with the NASD.

***See Exhibit 2.***

18.    The submission of the Form U-5 and its acceptance by the NASD effectively terminated Petitioner's registration status with Pristine Securities and his consent to arbitrate disputes before the NASD.

19.    As a result of the effectiveness of the Form U-5, Petitioner is not a member and/or a registered person of Pristine Securities or any NASD member firm.

20.    On or about September 20, 2007, Petitioner received a letter from the NASD requesting that Petitioner submit to voluntary arbitration. However, the NASD does not demand that Respondents withdraw the Arbitration.

***See Exhibit 3***

20.    Given that (1) Petitioner's agreement and/or consent to arbitrate was terminated with the filing of Form U-5 by Pristine Securities; and (2) given that Petitioner is not a member of the NASD and/or a registered person of an NASD member firm; and (3) given that Petitioner has not otherwise agreed to arbitrate any disputes between him and the Respondents; and (4) that Petitioner has not otherwise participated in the arbitration before the NASD, and (5) given that Respondent, Pristine Capital is not even a member of the NASD, there is no basis upon which to compel Petitioner to arbitrate. The Arbitration should therefore be stayed against Petitioner.

WHEREFORE, Petitioner requests that the Court grant an Order and Judgment permanently staying the arbitration against him, enjoining the NASD from taking action

---

[4] Form U-5 is the Uniform Termination Notice for Securities Industry Registration. Form U-5 is filed with NASD's Central Registration Depository to notify regulators and the public at large that a person is no more associated with the filing broker-dealer.

to proceed with, conduct or hold the arbitration and awarding Petitioner his costs and attorney fees and such other further relief as this Court may deem just, equitable and proper.

Respectfully submitted on this _____ day of _____ 2007.

By:_____
Franklin Ogele, Esq.
New York Bar Admission # 2364974
Attorney for Petitioner
One Gateway Center
Suite 2600 - Newark, NJ 07102
Office: 973 645 0565/Fax: 973 923 7890
Cell 973 277 4239


OliverVPet1

5

# EXHIBIT 1

Rev. Form U4 (10/2005)

UNIFORM APPLICATION FOR SECURITIES INDUSTRY REGISTRATION OR TRANSFER

| INDIVIDUAL NAME | SSN: |
| INDIVIDUAL CRD # | FIRM CRD # |

## 14. DISCLOSURE QUESTIONS (CONTINUED)

| | YES | NO |
|---|---|---|
| **14F.** Have you ever had an authorization to act as an attorney, accountant or federal contractor that was revoked or suspended? | ○ | ○ |
| **14G.** Have you been notified, in writing, that you are now the subject of any: | | |
| (1) regulatory complaint or *proceeding* that could result in a "yes" answer to any part of 14C, D or E? (*If "yes", complete the Regulatory Action Disclosure Reporting Page.*) | ○ | ○ |
| (2) *investigation* that could result in a "yes" answer to any part of 14A, B, C, D or E? (*If "yes", complete the Investigation Disclosure Reporting Page.*) | ○ | ○ |
| **Civil Judicial Disclosure** | | |
| **14H.** (1) Has any domestic or foreign court ever: | | |
| (a) *enjoined* you in connection with any *investment-related* activity? | ○ | ○ |
| (b) *found* that you were *involved* in a violation of any *investment-related* statute(s) or regulation(s)? | ○ | ○ |
| (c) dismissed, pursuant to a settlement agreement, an *investment-related* civil action brought against you by a state or foreign *financial regulatory authority*? | ○ | ○ |
| (2) Are you named in any pending *investment-related* civil action that could result in a "yes" answer to any part of 14H(1)? | ○ | ○ |
| **Customer Complaint/Arbitration/Civil Litigation Disclosure** | | |
| **14I.** (1) Have you ever been named as a respondent/defendant in an *investment-related*, consumer-initiated arbitration or civil litigation which alleged that you were *involved* in one or more *sales practice violations* and which: | | |
| (a) is still pending, or; | ○ | ○ |
| (b) resulted in an arbitration award or civil judgment against you, regardless of amount, or; | ○ | ○ |
| (c) was settled for an amount of $10,000 or more? | ○ | ○ |
| (2) Have you ever been the subject of an *investment-related*, consumer-initiated complaint, not otherwise reported under question 14I(1) above, which alleged that you were *involved* in one or more *sales practice violations*, and which complaint was settled for an amount of $10,000 or more? | ○ | ○ |
| (3) Within the past twenty four (24) months, have you been the subject of an *investment-related*, consumer-initiated, written complaint, not otherwise reported under question 14I(1) or (2) above, which: | | |
| (a) alleged that you were *involved* in one or more *sales practice violations* and contained a claim for compensatory damages of $5,000 or more (if no damage amount is alleged, the complaint must be reported unless the *firm* has made a good faith determination that the damages from the alleged conduct would be less than $5,000), or; | ○ | ○ |
| (b) alleged that you were *involved* in forgery, theft, misappropriation or conversion of funds or securities? | ○ | ○ |
| **Termination Disclosure** | | |
| **14J.** Have you ever voluntarily *resigned*, been discharged or permitted to *resign* after allegations were made that accused you of: | | |
| (1) violating *investment-related* statutes, regulations, rules, or industry standards of conduct? | ○ | ○ |
| (2) fraud or the wrongful taking of property? | ○ | ○ |
| (3) failure to supervise in connection with *investment-related* statutes, regulations, rules or industry standards of conduct? | ○ | ○ |
| **Financial Disclosure** | | |
| **14K.** Within the past 10 years: | | |
| (1) have you made a compromise with creditors, filed a bankruptcy petition or been the subject of an involuntary bankruptcy petition? | ○ | ○ |
| (2) based upon events that occurred while you exercised *control* over it, has an organization made a compromise with creditors, filed a bankruptcy petition or been the subject of an involuntary bankruptcy petition? | ○ | ○ |
| (3) based upon events that occurred while you exercised *control* over it, has a broker or dealer been the subject of an involuntary bankruptcy petition, or had a trustee appointed, or had a direct payment procedure initiated under the Securities Investor Protection Act? | ○ | ○ |
| **14L.** Has a bonding company ever denied, paid out on, or revoked a bond for you? | ○ | ○ |
| **14M.** Do you have any unsatisfied judgments or liens against you? | ○ | ○ |



Rev. Form U4 (10/2005)

UNIFORM APPLICATION FOR SECURITIES INDUSTRY REGISTRATION OR TRANSFER

| INDIVIDUAL NAME: | SSN: |
|---|---|
| INDIVIDUAL CRD #: | FIRM CRD #: |

## 15. SIGNATURES

Please Read Carefully. All signatures required on this Form U4 filing must be made in this section.

A "signature" includes a manual signature or an electronically transmitted equivalent. For purposes of an electronic form filing, a signature is effected by typing a name in the designated signature field. By typing a name in this field, the signatory acknowledges and represents that the entry constitutes in every way, use, or aspect, his or her legally binding signature.
15A. INDIVIDUAL/APPLICANT'S ACKNOWLEDGEMENT AND CONSENT  This section must be completed on all initial or Temporary Registration form filings.
15B. FIRM/APPROPRIATE SIGNATORY REPRESENTATIONS  This section must be completed on all initial or Temporary Registration form filings.
15C. TEMPORARY REGISTRATION ACKNOWLEDGMENT  This section must be completed on Temporary Registration form filings to be able to receive Temporary Registration.
15D. INDIVIDUAL/APPLICANT'S AMENDMENT ACKNOWLEDGMENT AND CONSENT  This section must be completed on any amendment filing that amends any information in Section 14 (Disclosure Questions) or any Disclosure Reporting Page (DRP).
15E. FIRM/APPROPRIATE SIGNATORY AMENDMENT REPRESENTATIONS  This section must be completed on all amendment form filings.
15F. FIRM/APPROPRIATE SIGNATORY CONCURRENCE  This section must be completed to concur with a U4 filing made by another firm (IA/BD) on behalf of an individual that is also registered with that other firm (IA/BD).

## 15A. INDIVIDUAL/APPLICANT'S ACKNOWLEDGEMENT AND CONSENT

1. I swear or affirm that I have read and understand the items and instructions on this form and that my answers (including attachments) are true and complete to the best of my knowledge. I understand that I am subject to administrative, civil or criminal penalties if I give false or misleading answers.

2. I apply for registration with the jurisdictions and SROs indicated in Section 4 (SRO REGISTRATION) and Section 5 (JURISDICTION REGISTRATION) as may be amended from time to time and, in consideration of the jurisdictions and SROs receiving and considering my application, I submit to the authority of the jurisdictions and SROs and agree to comply with all provisions, conditions and covenants of the statutes, constitutions, certificates of incorporation, by-laws and rules and regulations of the jurisdictions and SROs as they are or may be adopted, or amended from time to time. I further agree to be subject to and comply with all requirements, rulings, orders, directives and decisions of, and penalties, prohibitions and limitations imposed by the jurisdictions and SROs, subject to right of appeal or review as provided by law.

3. I agree that neither the jurisdictions or SROs nor any person acting on their behalf shall be liable to me for action taken or omitted to be taken in official capacity or in the scope of employment, except as otherwise provided in the statutes, constitutions, certificates of incorporation, by-laws or the rules and regulations of the jurisdictions and SROs.

4. I authorize the jurisdictions, SROs, and the designated entity to give any information they may have concerning me to any employer or prospective employer, any federal, state or municipal agency, or any other SRO and I release the jurisdictions, SROs, and the designated entity, and any person acting on their behalf from any and all liability of whatever nature by reason of furnishing such information.

5. I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the SROs indicated in Section 4 (SRO REGISTRATION) as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction.

6. For the purpose of complying with the laws relating to the offer or sale of securities or commodities or investment advisory activities, I irrevocably appoint the administrator of each jurisdiction indicated in Section 5 (JURISDICTION REGISTRATION) as may be amended from time to time, or such other person designated by law, and the successors in such office, my attorney upon whom may be served any notice, process, pleading, subpoena or other document in any action or proceeding against me arising out of or in connection with the offer or sale of securities or commodities, or investment advisory activities or out of the violation or alleged violation of the laws of such jurisdictions. I consent that any such action or proceeding against me may be commenced in any court of competent jurisdiction and proper venue by service of process upon the appointee as if it were a resident of, and had been lawfully served with process in the jurisdiction. I request that a copy of any notice, process, pleading, subpoena or other document served hereunder be mailed to my current residential address as reflected in this form or any amendment thereto.

7. I consent that the service of any process, pleading, subpoena, or other document in any investigation or administrative proceeding conducted by the SEC, CFTC or a jurisdiction or in any civil action in which the SEC, CFTC or a jurisdiction are plaintiffs, or the notice of any investigation or proceeding by any SRO against the applicant, may be made by personal service or by regular, registered or certified mail or confirmed telegram to me at my most recent business or home address as reflected in this Form U4, or any amendment thereto,

by any such documents or notice at such address, or by any other legally permissible means. I further stipulate and agree that any civil action or administrative proceeding instituted by the SEC, CFTC or a jurisdiction may be commenced by the service of process as described herein, and that service as aforesaid shall be taken and held in all courts and administrative tribunals to be valid and binding as if personal service thereof had been made.

8. I authorize all my employers and any other person to furnish to any jurisdiction, SRO, designated entity, employer, prospective employer, or any agent acting on its behalf, any information they have, including without limitation my creditworthiness, character, ability, business activities, educational background, general reputation, history of my employment and, in the case of former employers, complete reasons for my termination. Moreover, I release each employer, former employer and each other person from any and all liability, of whatever nature, by reason of furnishing any of the above information, including that information reported on the Uniform Termination Notice for Securities Industry Registration (Form U5). I recognize that I may be the subject of an investigative consumer report and I waive any requirement of notification with respect to any investigative consumer report ordered by any jurisdiction, SRO, designated entity, employer, or prospective employer. I understand that I have the right to request complete and accurate disclosure by the jurisdiction, SRO, designated entity, employer or prospective employer of the nature and scope of the requested investigative consumer report.

9. I understand and certify that the representations in this form apply to all employers with whom I seek registration as indicated in Section 1 (GENERAL INFORMATION) or Section 6 (REGISTRATION REQUESTS WITH AFFILIATED FIRMS) of this form. I agree to update this form by causing an amendment to be filed on a timely basis whenever changes occur to answers previously reported. Further, I represent that, to the extent any information previously submitted is not amended, the information provided in this form is currently accurate and complete.

10. I authorize any employer or prospective employer to file electronically on my behalf any information required in this form or any amendment thereto; I certify that I have reviewed and approved the information to be submitted to any jurisdiction or SRO on this Form U4 Application; I agree that I will review and approve all disclosure information that will be filed electronically on my behalf; I further agree to waive any objection to the admissibility of the electronically filed records in any criminal, civil, or administrative proceeding.

Applicant or applicant's agent has typed applicant's name under this section to attest to the completeness and accuracy of this record. The applicant recognizes that this typed name constitutes, in every way, use or aspect, his or her legally binding signature.

Date (MM/DD/YYYY) _____

Signature of Applicant

Printed Name



Rev. Form U4 (10/2005)

UNIFORM APPLICATION FOR SECURITIES INDUSTRY REGISTRATION OR TRANSFER

| INDIVIDUAL NAME: | SSN: |
|---|---|
| INDIVIDUAL CRD # | FIRM CRD # |

## 15B. FIRM/APPROPRIATE SIGNATORY REPRESENTATIONS

**THE FIRM MUST COMPLETE THE FOLLOWING:**

To the best of my knowledge and belief, the *applicant* is currently bonded where required, and, at the time of approval, will be familiar with the statutes, constitution(s), rules and by-laws of the agency, *jurisdiction* or *SRO* with which this application is being filed, and the rules governing registered persons, and will be fully qualified for the position for which application is being made herein. I agree that, notwithstanding the approval of such agency, *jurisdiction* or *SRO* which hereby is requested, I will not employ the *applicant* in the capacity stated herein without first receiving the approval of any authority that may be required by law.

This *firm* has communicated with all of the *applicant's* previous employers for the past three years and has documentation on file with the names of the persons contacted and the date of contact. In addition, I have taken appropriate steps to verify the accuracy and completeness of the information contained in and with this application.

I have provided the *applicant* an opportunity to review the information contained herein and the *Applicant* has approved this information and signed the Form U4.

Date (MM/DD/YYYY) _____

Printed Name _____        Signature of *Appropriate Signatory* _____

## 15C. TEMPORARY REGISTRATION ACKNOWLEDGEMENT

If an *applicant* has been registered in a *jurisdiction* or *self regulatory organization (SRO)* in the 30 days prior to the date an application for registration is filed with the Central Registration Depository or Investment Adviser Registration Depository, he or she may qualify for a Temporary Registration to conduct securities business in that *jurisdiction* or *SRO* if this acknowledgment is executed and filed with the Form U4 at the *applicant's firm*.

This acknowledgment must be signed only if the *applicant* intends to apply for a Temporary Registration while the application for registration is under review.

I request a Temporary Registration in each *jurisdiction* and/or *SRO* requested on this Form U4, while my registration with the *jurisdiction(s)* and/or *SRO(s)* requested is under review;

I am requesting a Temporary Registration with the *firm* filing on my behalf for the *jurisdiction(s)* and/or *SRO(s)* noted in Section 4 (SRO REGISTRATION) and/or Section 5 (JURISDICTION REGISTRATION) of this Form U4;

I understand that I may request a Temporary Registration only in those *jurisdiction(s)* and/or *SRO(s)* in which I have been registered with my prior *firm* within the previous 30 days;

I understand that I may not engage in any securities activities requiring registration in a *jurisdiction* and/or *SRO* until I have received notice from the CRD or IARD that I have been granted a Temporary Registration in that *jurisdiction* and/or *SRO*;

I agree that until the Temporary Registration has been replaced by a registration, any *jurisdiction* and/or *SRO* in which I have applied for registration may withdraw the Temporary Registration;

If a *jurisdiction* or *SRO* withdraws my Temporary Registration, my application will then be held pending in that *jurisdiction* and/or *SRO* until its review is complete and the registration is granted or denied, or the application is withdrawn;

I understand and agree that, in the event my Temporary Registration is withdrawn by a *jurisdiction* and/or *SRO*, I must immediately cease any securities activities requiring a registration in that *jurisdiction* and/or *SRO* until it grants my registration;

I understand that by executing this Acknowledgment I am agreeing not to challenge the withdrawal of a Temporary Registration; however, I do not waive any right I may have in any *jurisdiction* and/or *SRO* with respect to any decision by that *jurisdiction* and/or *SRO* to deny my application for registration.

Date (MM/DD/YYYY) _____

Printed Name _____        Signature of *Applicant* _____

## 15D. AMENDMENT INDIVIDUAL/APPLICANT'S ACKNOWLEDGEMENT AND CONSENT

Date (MM/DD/YYYY) _____

Printed Name _____        Signature of *Applicant* _____

EXHIBIT 2

# FORM U5
# UNIFORM TERMINATION NOTICE FOR SECURITIES INDUSTRY REGISTRATION

**FULL**
02/13/2007

Rev. Form U5 (10/2005)

## NOTICE TO THE INDIVIDUAL WHO IS THE SUBJECT OF THIS FILING

*Even if you are no longer registered you continue to be subject to the jurisdiction of regulators for at least two years after your registration is terminated and may have to provide information about your activities while associated with this firm. Therefore, you must forward any residential address changes for two years following your termination date or last Form U5 amendment to: CRD Address Changes, P.O. Box 9495, Gaithersburg, MD 20898-9495.*

### 1. GENERAL INFORMATION

| First Name: | Middle Name: | Last Name: | Suffix: |
|---|---|---|---|
| OLIVER | LIONEL | VELEZ | |

**Firm CRD #:** 47883
**Firm Name:** MASTERTRADER.COM
**Firm NFA #:**

**Individual CRD #:** 3264135
**Individual SSN:** 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
**Individual NFA #:**
**Firm Billing Code:** 11

**Office of Employment Address**

| CRD Branch # | NYSE Branch Code # | Firm Billing Code | Address | Private Residence | Type of Office | Start Date | End Date |
|---|---|---|---|---|---|---|---|
| RD Main | | | 7-11 SOUTH BROADWAY SUITE 210A WHITE PLAINS , NY 10601 | N | Located At | 04/01/1999 | 02/12/2007 |
| 275813 | | 1 | 7-11 SOUTH BROADWAY SUITE 210A WHITE PLAINS , NY 10601 UNITED STATES | N | Located At | 06/14/2006 | 02/12/2007 |

Rev. Form U5 (10/2005)

### 2. CURRENT RESIDENTIAL ADDRESS

#### NOTICE TO THE FIRM

*This is the last reported residential address. If this is not current, please enter the current residential address.*

| From | To | Street | City | State | Country | Postal Code |
|---|---|---|---|---|---|---|
| 03/1997 | PRESENT | 14 RICHBELL ROAD | WHITE PLAINS | NY | UNITED STATES | 10605 |

Rev. Form U5 (10/2005)

### 3. FULL TERMINATION

Is this a *FULL TERMINATION*?  ⊙ Yes  ○ No
Note: A "Yes" response will terminate ALL registrations with all *SROs* and all *jurisdictions*.

son for Termination: Voluntary   * Provide an explanation below

Rev. Form U5 (10/2005)

## 4. DATE OF TERMINATION

Date Terminated (MM/DD/YYYY): 02/12/2007
A complete date of termination is required for full or partial termination. This date represents the actual date that the termination of registration is effective.

Rev. Form U5 (10/2005)

## 6. AFFILIATED FIRM TERMINATION

No Information Filed

Rev. Form U5 (10/2005)

## 7. DISCLOSURE QUESTIONS

IF THE ANSWER TO ANY OF THE FOLLOWING QUESTIONS IN SECTION 7 IS 'YES', COMPLETE DETAILS OF ALL EVENTS OR PROCEEDINGS ON APPROPRIATE DRP(S). IF THE INFORMATION IN SECTION 7 HAS ALREADY BEEN REPORTED ON FORM U4 OR FORM U5, DO NOT RESUBMIT DRPs FOR THESE ITEMS. REFER TO THE EXPLANATION OF TERMS SECTION OF FORM U5 INSTRUCTIONS FOR EXPLANATION OF ITALICIZED WORDS.

### Investigation Disclosure

**YES NO**

**A.** Currently is, or at termination was, the individual the subject of an *investigation* or *proceeding* by a domestic or foreign governmental body or *self-regulatory organization* with jurisdiction over *investment-related* businesses? (Note: Provide details of an *investigation* on an Investigation Disclosure Reporting Page and details regarding a *proceeding* on a Regulatory Action Disclosure Reporting Page.)

### Internal Review Disclosure

**YES NO**

**7B.** Currently is, or at termination was, the individual under internal review for fraud or wrongful taking of property, or violating *investment-related* statutes, regulations, rules or industry standards of conduct?

### Criminal Disclosure

**YES NO**

**7C.** While employed by or associated with your *firm*, or in connection with events that occurred while the individual was employed by or associated with your *firm*, was the individual:

1. convicted of or did the individual plead guilty or nolo contendere ("no contest") in a domestic, foreign or military court to any *felony*?

2. *charged* with any *felony*?

3. convicted of or did the individual plead guilty or nolo contendere ("no contest") in a domestic, foreign or military court to a *misdemeanor involving*: investments or an *investment-related* business, or any fraud, false statements or omissions, wrongful taking of property, bribery, perjury, forgery, counterfeiting, extortion, or a conspiracy to commit any of these offenses?

4. *charged* with a *misdemeanor* specified in 7(C)(3)?

### Regulatory Action Disclosure

**YES NO**

**7D.** While employed by or associated with your *firm*, or in connection with events that occurred while the individual was employed by or associated with your *firm*, was the individual *involved* in any disciplinary action by a domestic or foreign governmental body or *self-regulatory organization* (other than those designated as a "*minor rule violation*" under a plan approved by the U.S. Securities and Exchange Commission) with jurisdiction over the *investment-related* businesses?   ○ ●

## Customer Complaint/Arbitration/Civil Litigation Disclosure

|  |  | YES | NO |
|---|---|---|---|

**7E.** **1.** In connection with events that occurred while the individual was employed by or associated with your *firm*, was the individual named as a respondent/defendant in an *investment-related*, consumer-initiated arbitration or civil litigation which alleged that the individual was *involved* in one or more *sales practice violations* and which:

   **(a)** is still pending, or;   ○ ●

   **(b)** resulted in an arbitration award or civil judgment against the individual, regardless of amount, or;   ○ ●

   **(c)** was settled for an amount of $10,000 or more.   ○ ●

**2.** In connection with events that occurred while the individual was employed by or associated with your *firm*, was the individual the subject of an *investment-related*, consumer-initiated complaint, not otherwise reported under question 7(E)(1) above, which alleged that the individual was *involved* in one or more *sales practice violations*, and which complaint was settled for an amount of $10,000 or more?   ○ ●

**3.** In connection with events that occurred while the individual was employed or associated with your *firm*, was the individual the subject of an *investment-related*, consumer-initiated, written complaint, not otherwise reported under questions 7(E)(1) or 7(E)(2) above, which:

   **(a)** would be reportable under question 14I(3)(a) on Form U4, if the individual were still employed by your *firm*, but which has not previously been reported on the individual's Form U4 by your *firm*; or   ○ ●

   **(b)** would be reportable under question 14I(3)(b) on Form U4, if the individual were still employed by your *firm*, but which has not previously been reported on the individual's Form U4 by your *firm*.   ○ ●

## Termination Disclosure

|  |  | YES | NO |
|---|---|---|---|

**7F.** Did the individual voluntarily *resign* from your firm, or was the individual discharged or permitted to *resign* from your firm, after allegations were made that accused the individual of:

   **1.** violating *investment-related* statutes, regulations, rules or industry standards of conduct?   ○ ●

   **2.** fraud or the wrongful taking of property?   ○ ●

   **3.** failure to supervise in connection with *investment-related* statutes, regulations, rules or industry standards of conduct?   ○ ●

Rev. Form U5 (10/2005)

## 8. SIGNATURE

Please Read Carefully

All signatures required on this Form U5 filing must be made in this section.

A "Signature" includes a manual signature or an electronically transmitted equivalent. For purposes of an electronic form filing, a signature is effected by typing a name in the designated signature field. By typing a name in this field, the signatory acknowledges and represents that the entry constitutes in every way, use, or aspect, his or her legally binding signature.

**8A.** FIRM ACKNOWLEDGMENT

This section must be completed on all U5 form filings submitted by the *firm*.

INDIVIDUAL ACKNOWLEDGMENT AND CONSENT

8B. This section must be completed on amendment U5 form filings where the individual is submitting changes to Part II of the INTERNAL REVIEW DRP or changes to Section 2 (CURRENT RESIDENTIAL ADDRESS).

### 8A. FIRM ACKNOWLEDGMENT

I VERIFY THE ACCURACY AND COMPLETENESS OF THE INFORMATION CONTAINED IN AND WITH THIS FORM.

Person to contact for further information
JAIME ANNEXY

Telephone # of person to contact
914-422-2966

Signature of *Appropriate Signatory*
JAIME ANNEXY

Date (MM/DD/YYYY)
02/13/2007

Type or Print Name of Appropriate Signatory

---

| | Rev. Form U5 (10/2005) |
|---|---|
| **INVESTIGATION DRP** | |
| No Information Filed | |
| | Rev. Form U5 (10/2005) |
| **INTERNAL REVIEW DRP** | |
| No Information Filed | |
| | Rev. Form U5 (10/2005) |
| **CRIMINAL DRP** | |
| No Information Filed | |
| | Rev. Form U5 (10/2005) |
| **TERMINATION DRP** | |
| No Information Filed | |
| | Rev. Form U5 (10/2005) |
| **REGULATORY ACTION DRP** | |
| No Information Filed | |
| | Rev. Form U5 (10/2005) |
| **CUSTOMER COMPLAINT/ARBITRATION/CIVIL LITIGATION DRP** | |
| No Information Filed | |

# EXHIBIT 3

**FINRA Dispute Resolution**

Northeast Region
One Liberty Plaza | 165 Broadway, 27th Floor | New York NY | 10006-1400 | 212 858 4200 | Fax 301 527 4873



September 14, 2007

Oliver L. Velez
14 Richbell Road
White Plains, NY  1065

Subject:          FINRA Dispute Resolution Arbitration Number 07-02396
                  Greg Capra and Pristine Capital Holdings Inc. v. Oliver L. Velez.

Dear Mr. Velez:

FINRA Dispute Resolution provides a forum for the resolution of disputes involving public investors and broker-dealers, and members of the American Stock Exchange (AMEX), International Stock Exchange (ISE), Nasdaq Liffe Markets (NqLX), and Philadelphia Stock Exchange (PHLX), and Municipal Securities Rulemaking Board (MSRB) registrants and/or their associated persons.

Please be advised that the Securities and Exchange Commission (SEC) has approved the NASD Codes of Arbitration Procedure for Customer (Customer Code) and Industry (Industry Code) Disputes. The Customer and Industry Codes become effective on April 16, 2007 and apply to all claims filed on or after the effective date. Please note that the list selection provisions of the new Customer or Industry Codes will apply to previously filed claims in which a list of arbitrators has not yet been generated and sent to the parties, or in which an entirely new list of arbitrators must be generated. In these cases, even though a list has been generated under the new Customer or Industry Code, the claim will continue to be governed by the remaining provisions of the old Code of Arbitration Procedure (Old Code) unless all parties agree to proceed under the new Customer or Industry Code.

The claim was filed on or after April 16, 2007, therefore the case will be governed by the Customer/Industry Code.

This office administers cases according to the procedures set forth in NASD Rules. The most up-to-date version of the rules can be accessed or downloaded from our Web site at http://www.finra.org. On the FINRA Dispute Resolution Web site, you will also find important instructions concerning filing your answer or other claims (The FINRA Dispute Resolution Party's Reference Guide). If you do not have access to the Internet, you may call our office to request a copy of these documents.

<u>**Filing a Statement of Answer**</u>

Since you have been named as a party in this arbitration, enclosed is a copy of the Statement of Claim. However, since you have not signed an agreement to arbitrate, your submission to arbitration must be voluntary.  Please inform us in writing if you refuse to submit to arbitration.

If you decide to file a Statement of Answer:

1.  Your Statement of Answer must specify all relevant facts and available defenses to the Statement of Claim submitted (See NASD Rules[1]).

2.  Your Answer may include any related claim(s) that you may have against the claimant or any other party subject to arbitration under the rules. If you assert any of these claims please refer to the Schedule of Fees[2] for the related filing fee. If you assert a claim, it should be submitted with the fee in the attached envelope.

3.  Pursuant to NASD Rules,[3] you are required, no later than November 5, 2007, to send to the Claimant and all other parties, a signed Uniform Submission Agreement (form enclosed) and your Answer. Claimant or Claimant's counsel's address is provided at the end of this service letter.

4.  NASD Rules also require that you send to the Director of Arbitration: (a) the original and three copies of the Uniform Submission Agreement, properly signed and dated by you; (b) the original and three copies of your Answer; and (c) four copies of any document(s) referred to in your Answer. When sending copies of your Answer to the Director of Arbitration, please indicate that you have properly served your Answer on all parties. If you need an extension of time to file your Statement of Answer, you may contact the Claimant directly and request one. If Claimant agrees to extend your time to file your Answer, please notify FINRA in writing of the new deadline for filing your Answer. You should also send a copy of that notice to the Claimant and all other parties.

## Hearing Location

If an arbitration involves a public customer, FINRA Dispute Resolution will generally select a hearing location closest to the customer's residence at the time the dispute arose.[4]

In disputes between member firms, MSRB registrants and associated persons, FINRA Dispute Resolution will select the hearing location that is closest to the location where the associated person was employed at the time the dispute arose.

In industry disputes involving only member firms and/or MSRB Registrants unless the member firms are in the same locale or the parties agree to a specific hearing location, FINRA Dispute Resolution will consider the following factors when deciding the hearing location:

---

[1]Customer Code Rule 12303
Industry Code Rule 13303
Old Code Rule 10314(b)

[2]Customer Code Rule 12900
Industry Code Rule 13900
Old Code Rule 10332

[3]Customer Code Rule 12303
Industry Code Rule 13303
Old Code Rule 10314(b)

[4]Customer Code Rule 12213
Industry Code Rule 13213

and industry code Rules 12503(b) and 13503(b), respectively:

### Responding to Motions

Parties have 10 days from the receipt of a written motion to respond to the motion, unless the moving party agrees to an extension of time, or the Director or the panel decides otherwise. Responses to written motions must be served directly on each other party, at the same time and in the same manner. Responses to written motions must also be filed with the Director, with additional copies for each arbitrator, at the same time and in the same manner in which they are served on the parties.

### Motions to Dismiss

FINRA Dispute Resolution does not have a rule that expressly addresses motions to dismiss claims before a hearing on the merits. Therefore, for cases proceeding according to the Old Code, Customer Code, or Industry Code, the response to a motion to dismiss will not be due until the panel sets a deadline for the response.


Very truly yours,


Paula Union
Case Administrator
212-858-4200 FAX:301-527-4904


PRU:HP:LC39G
idr:08/07
Enclosure
CC:
    Dan A. Druz, Esq., Greg Capra
    291 E. Main St., Suite 1000, Manasquan, NJ  08736

RECIPIENTS:
    Oliver L. Velez
    14 Richbell Road, White Plains, NY  1065

    1)    Which party initiated the transactional issue;

    2)    The location of witnesses and documents; and

    3)    The relative hardship for travel of a party to a specific location.

The **ANTICIPATED** hearing location of this case is: New York City, New York. This preliminary decision was made, pursuant to NASD Rules,[5] by me, acting on behalf of the Director of Arbitration. A final decision regarding the initial hearing location will be rendered before the Panel is being appointed. In addition, NASD Rules[6] authorize the presiding Panel to determine the time and place of all subsequent hearing(s).

If the anticipated initial hearing location listed above is **UNKNOWN**, FINRA Dispute Resolution is requesting recommendations from all parties for the hearing location based on the above applicable guidelines.

### Other Information

If, after reading NASD Rules and "FINRA Dispute Resolution Party's Reference Guide" booklet, you still have questions regarding FINRA Dispute Resolution arbitration, please contact us. When contacting me, please refer to the number assigned to this case, which is 07-02396. FINRA Dispute Resolution encourages the parties to communicate among themselves to resolve issues that do not require FINRA Dispute Resolution intervention.

Pursuant to Article V, Section 2(c) of the FINRA By-Laws, if you are a registered representative with the FINRA, you are required to keep your registration application current. You are, therefore, advised to review the Form U-4 to determine if disclosure of this matter is required. If so, your failure to update your registration application may result in the filing of a formal complaint based on any omission. Any questions regarding this disclosure requirement should be directed to the FINRA Member Services Phone Center (301) 590-6500.

### Discovery

In disputes involving customers, for assistance with discovery, please review the attached Discovery Guidelines. In disputes involving only industry parties, for assistance with discovery, please review the applicable discovery code provisions for guidance.[7]

### Motions[8]

The time to respond to motions (other than motions to dismiss, as noted below) are governed by customer

---

[5] Customer Code Rule 12213
Industry Code Rule 13213
Old Code Rule 10315

[6] Customer Code Rule 12600
Industry Code Rule 13600
Old Code Rule 10315

[7] Industry Code Rule 13505 through and including Rule 13514

[8] For questions about motion practice under the Old Code, please contact your case administrator.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------x

In the Matter of Application of                                    Index # *07/112799*

OLIVER L. VELEZ

             Petitioner,

                                            **AFFIDAVIT**

For an Order Pursuant to Article 75
of the CPLR to Permanently Stay
Arbitration

             -Against-

FINANCIAL INDUSTRY
REGULATORY AUTHORITY
DISPUTE RESOLUTION, INC.
(FORMERLY THE NASD)
GREG CAPRA AND
PRISTINE CAPITAL HOLDINGS, INC.

            Respondents

-------------------------------------------------------------------x

STATE OF NEW YORK    )
                          )    ss
COUNTY OF NEW YORK  )

OLIVER VELEZ, being duly sworn, deposes and says:

1.     I am the Petitioner in the captioned proceeding. I am seeking permanent stay of arbitration pursuant to CPLR 7503(b). I have knowledge of the facts in the case based upon personal knowledge as well as upon my examination of the relevant documents.

2.     I submit this affidavit in support of my motion to stay arbitration commenced by Greg Capra ("Capra") and Pristine Capital Holdings Inc. ("Pristine Capital") (collectively the "Respondents") against me on the grounds (i) I am not a signatory to any agreement to arbitrate any dispute with the Respondents; (ii) I have not otherwise agreed verbally to

1

arbitrate any disputes with the Respondents and (iii) I am not a member of the NASD or any other self regulatory organization.

## FACTUAL BACKGROUND

3.      In or about 1994, I founded Pristine Capital Management, Inc. with Capra. At that time, I held 50% of Pristine Capital while Capra held the remaining 50%.

4.      In or about 2001, Capra and I also founded Pristine Securities, Inc., a broker-dealer and a member of NASD ("Pristine Securities" or the "Broker-Dealer").

5.      In or about 2001, I founded Pristine Services, Inc. with Capra.

6.      In or about 2001, Capra and I formed Pristine Capital Holdings Inc. and dissolved Pristine Capital Management Inc. Pristine Capital Holdings Inc. became the holding company for Pristine Securities Inc. and Pristine Services Inc. In addition, the shares of Pristine Capital Holdings Inc. were allocated 47% to me and 47% to Capra respectively.

7.      I was the Chief Executive Officer of Pristine Capital and my role was limited to conducting seminars on how to trade securities. The seminars were organized and conducted by and under the auspices of Pristine Services.

8.      I had no role in the management of Pristine Securities; my role in Pristine Securities was limited solely to that of a capital contributor or capital participant.

9.      Although I was registered as an Associated Person and/or Registered Person of Pristine Securities through a filing of Form U-4 by Pristine Securities with the NASD, I have since become aware that I was not required under the relevant NASD rules to register with Pristine Securities.

10.    On or about December 2006, I resigned from my position as CEO of Pristine Capital.

11.    On or about January 2007, I also resigned from my position as an Associated Person and/or Registered Person of Pristine Securities.

12.    In order to effectuate my resignation, Pristine Securities filed a Form U-5 with the NASD. The filing was made on or about February 13, 2007.

13.    As a result of my resignation and submission of Form U-5, and upon information and belief, my consent to arbitrate disputes per the Form U-4 was effectively terminated.

14.    In June 2007, Pristine Capital commenced an action in the United States District Court, Southern District of New York, seeking Temporary Restraining Order against me and others. The federal suit alleged copyright and trademark infringement, unfair competition, breach of contract and covenant not to compete, breach of duty of loyalty, tortuous interference, conversion, and faithless servant. After a hearing before Hon. Judge Pauley, Pristine Capital withdrew the lawsuit.

15.    On or about August 2007 Respondents commenced the instant NASD Arbitration against me alleging in sum and substance the same causes of action that was alleged in the federal suit that was withdrawn.

16.    On or about September 20, 2007, I received a letter from the NASD requesting that I voluntarily submit to arbitration. However, the NASD has not demanded that Respondents withdraw the Arbitration.

## BASIS FOR THE INSTANT MOTION

17.    I am not a party to any agreement with Respondents to arbitrate any matter before the NASD.

18.    I am not an officer, director, or principal of any NASD member firm or any self regulatory organization and I do not currently maintain any registration or securities licenses which would require that I submit to arbitration.

19.    The allegations against me relates to the business activities of Pristine Capital which is not a member of the NASD.

20.    I have not expressly or otherwise waived the benefits and safeguards available to me in having a court of law resolve the issues set forth in Respondents' Statement of Claim.

21.    Nor have I materially participated in the NASD arbitration based on my belief that I am not subject to mandatory arbitration of any disputes with Respondents.

22.    Since I (i) am not a party to any agreement to arbitrate and have not entered into any agreement to arbitrate; (ii) have not otherwise agreed to arbitrate any disputes with Respondents; (iii) am not a member of the NASD or otherwise licensed; (iv) am not a sole proprietor, partner, officer, director or branch manager of an NASD member firm, and (v) am not engaged in the investment banking or securities business, there is no basis to force me to arbitrate and the Arbitration should be permanently stayed against me.

23.    I make the instant application by Order to Show Cause so that pending the hearing and determination of this application, this Court will stay proceedings in the Arbitration and extend my time to answer the Statement of Claim so that my rights as a litigant will not be prejudiced in the Arbitration.

24.    This Court should issue a stay pending the hearing and determination of this application because I should not be required to expend any time and effort in the preparation of an answer or to otherwise participate in the Arbitration, when the claims set forth in the Statement of Claim are not subject to mandatory arbitration.

25.    No prior application has been made to this or any other Court or Justice for the relief requested herein in the Verified Petition.

26.    For all the above reasons, I respectfully request that the Court grant me the relief which I have sought in the Verified Petition in its entirety and that the Court permanently stay the NASD Arbitration No. 07-2396 against me captioned: *"In the Matter of the Arbitration between Greg Capra and Pristine Capital Holdings Inc., (Plaintiffs) v. Oliver Velez, (Respondent)"* together with all such other and/or further relief as this Court deems just and proper.

Sworn to before me this

20th day of Sept. 2007

NOTARY PUBLIC

ANTHONY NKRUMAH
Notary Public, State of New York
No. 01NK6118806
Qualified in Queens County
Commission Expires November 15, 2008

OLIVER L. VELEZ

Velezaffidavit1

5



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x
In the Matter of Application of                                    Index # 07/112799

OLIVER L. VELEZ

**ATTORNEY'S**
**AFFIRMATION**

                 Petitioner,


For an Order Pursuant to Article 75
of the CPLR to Permanently Stay
Arbitration

            -Against-

FINANCIAL INDUSTRY
REGULATORY AUTHORITY
DISPUTE RESOLUTION, INC.
(FORMERLY, THE NASD)
GREG CAPRA AND
PRISTINE CAPITAL HOLDINGS, INC.

             Respondents
------------------------------------------------------------------x

FRANKLIN I. OGELE, an Attorney duly admitted to practice law in the State of New York, affirms under penalty of perjury and says:

1.    I am the Attorney for Petitioner, Velez, and I have knowledge of the facts set forth herein. I submit this affirmation in support of Velez's Petition and/or Motion to Permanently Stay the Arbitration No. 07-2396 before the NASD captioned: *In the Matter of the Arbitration between Greg Capra and Pristine Capital Holdings Inc., (Plaintiffs) v. Oliver L. Velez (Respondent)* on the grounds that there is no agreement between Velez and the Plaintiffs to arbitrate the controversy before the NASD.

1

2.    For reasons set forth in Velez's accompanying Memorandum of Law, the NASD

Arbitration should be permanently.

Affirmed this _____ day of September 2007

_____
Franklin I. Ogele, Esq.

AttnyAffirmation1

E