At an Assignment Part _____ of the<br>
Supreme Court of the State of New York<br>
New York, County of New York, held at 60<br>
Center Street, New York, New York on the<br>
_____ day of _____ 2007

PRESENT:

Hon._____
      Justice

-----------------------------------------------------------x

In the Matter of Application of            Index # 07/112799

OLIVER L. VELEZ

      Petitioner,

For an Order Pursuant to Article 75        **ORDER TO SHOW CAUSE**
of the CPLR to Permanently Stay
Arbitration
     -Against-

FINANCIAL INDUSTRY
REGULATORY AUTHORITY
DISPUTE RESOLUTION, INC.
(FORMERLY, THE NASD)
GREG CAPRA AND
PRISTINE CAPITAL HOLDINGS, INC.

      Respondents
-----------------------------------------------------------x

Upon reading and filing the petition, duly verified on the _____ day of September 2007, with exhibits annexed thereto, and upon the affidavit of Oliver Velez, sworn to on September _____, 2007; it is:

ORDERED that the above named Respondents or their attorneys SHOW CAUSE at an Individual Assignment Part _____ of this Court at the Courthouse, located at _____ Room _____ New York, on the _____ day of _____ 2007 at 9 a.m. in the fore noon, or as soon thereafter as Counsel may be heard, why an order should not be issued and entered granting the relief demanded in the Verified Petition

1

pursuant to CPLR Sections 7502 and 7503, permanently staying the arbitration proceeding between Petitioner and Respondents on the grounds that no valid agreement to arbitrate exists between them, together with such other, further and different relief as this Court deems just and proper; and it further

ORDERED that pending the hearing and determination of this application arbitration, the Arbitration No. 07-2396 commenced by Respondents Greg Capra and Pristine Capital Holdings Inc. before the Financial Industry Regulatory Authority Dispute Resolution Inc. (the "FINRA") (f/k/a the NASD Dispute Resolution, Inc.) bearing the caption: *In the Matter of Arbitration between Greg Capra and Pristine Capital Holdings Inc. (Plaintiffs), v. Oliver L. Velez (Respondent)* (the "Arbitration") is hereby stayed and Respondents are enjoined from taking any action to proceed with, conduct or hold the arbitration in this matter, and all proceedings between the parties in the said Arbitration before the FINRA are hereby stayed and the time for Petitioner, who is the Respondent in the said Arbitration, to serve and file his Answer to the Statement of Claim is hereby tolled; and it is further

ORDERED that sufficient cause being alleged, let service by Federal Express overnight delivery, of a copy of this ORDER, the Verified Petition with exhibits, Petitioner's Memorandum of Law and the supporting Affidavits be served upon Respondent, Financial Industry Regulatory Authority, Director of Arbitration, 165 Broadway, 27th Floor, New York, NY 10006; and upon Dan A. Druz, Attorney at Law and Counsel for Respondents, Greg Capra and Pristine Capital Holdings Inc. at 291 East Main Street, Suite 1000, Manasquan, NJ 08736 on the _____ day of _____ 2007 be deemed good and sufficient service.

ENTERED

_____
J.S.C

VelezOrdertoShowCause



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x

In the Matter of Application of

OLIVER L. VELEZ

                Petitioner,

For an Order Pursuant to Article 75
of the CPLR to Permanently Stay
Arbitration

              -Against-


FINANCIAL INDUSTRY
REGULATORY AUTHORITY
DISPUTE RESOLUTION, INC.
(FORMERLY, THE NASD)
GREG CAPRA AND
PRISTINE CAPITAL HOLDINGS, INC.

              Respondents

Index # 07/11 2799

Petitioner designates New York County as the place of trial. Venue is based on one of Respondents' principal place of business

------------------------------------------------------------x

## PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF PETITION TO STAY ARBITRATION

Petitioner, OLIVER L. VELEZ, by his Attorney, Franklin Ogele, submits this Memoranda of Law in support of his Petition to Stay Arbitration before the Financial Industry Regulatory Authority ("FINRA"), formerly, the National Association of Securities Dealers, Inc. (the "NASD")[1]

---

[1] In or about 2007, the regulatory arm of the NASD merged with the New York Stock Exchange and adopted the NASD name. However, this Memorandum of Law will continue to use the more familiar NASD name as opposed to the recently adopted FINRA name.



1

## PRELIMINARY STATEMENT

Petitioner submits this Memoranda of Law in support of his application, made pursuant to CPLR Sections 7502 and 7503, for an order permanently staying the Arbitration No. 07-2396 before the NASD, annexed herein *per Exhibit 1* (the "Arbitration") commenced by Respondents, Greg Capra ("Capra") and Pristine Capital Holdings, Inc. ("Pristine Capital"). Petitioner is entitled to this relief because under New York law, an arbitration may be stayed where there is no valid agreement to arbitrate between the parties. In the instant case, there is no agreement to arbitrate between Petitioner and Respondents Capra and Pristine Capital. Moreover, Petitioner is not a member of the NASD or associated in any employment capacity with a member of the NASD or any securities industry self regulatory organization. Therefore, the relief sought should be granted in all respects and the Arbitration should be permanently stayed.

## STATEMENT OF FACTS

For a complete recitation of the facts underlying this application, the Court is respectfully directed to the accompanying verified petition ("Verified Petition") and the Affidavit of Oliver Velez of September 20, 2007 ("Velez Affidavit").

Petitioner makes the instant application before answering or otherwise participating in the NASD Arbitration because Respondents asserted claims against Petitioner are not subject to mandatory arbitration.

## FACTUAL BACKGROUND

In or about 1994, Petitioner and Capra founded Pristine Capital Management, Inc. with Petitioner and Capra holding 50% of the equity respectively.

2

In or about 2001, Petitioner and Capra founded Pristine Securities, Inc., a broker-dealer registered with the Securities and Exchange Commission ("SEC") and a member of the NASD ("Pristine Securities" or the "Broker-Dealer").

In or about 2001, Petitioner and Capra founded Pristine Services, Inc.

In or about 2001, Petitioner and Capra formed Pristine Capital Holdings Inc. and dissolved Pristine Capital Management Inc. Pristine Capital Holdings Inc. became the holding company for Pristine Securities Inc. and Pristine Services Inc. In addition, the shares of Pristine Capital Holdings Inc. were allocated 47% to Petitioner and 47% to Capra respectively.

Pristine Capital is not a member of the NASD. The NASD member firm is Pristine Securities Inc. and Pristine Securities is not a party to the Arbitration for which this instant stay is being sought.

Petitioner Velez was the Chief Executive Officer of Pristine Capital and his role was to conduct seminars on how to trade securities. The seminars were organized and conducted by Pristine Services. Students who completed the training were solicited by registered representatives of Pristine Securities to open brokerage accounts with Pristine Securities.

Petitioner had no role in the management of Pristine Securities; his role in Pristine Securities was solely limited to that of a capital contributor or capital participant – a role that did not require him to register with Pristine Securities.

However, Petitioner was registered with Pristine Securities as an Associated Person even though there was no requirement that he register. The NASD Rules include in the definition of "Associated Person" persons who directly or indirectly control a broker-dealer. "Control" is deemed to be present under the SEC's Uniform Application for Broker-Dealer Registration ("Form B/D") when a person holds 25% or more of the

3

equity of a broker-dealer. The NASD uses the same 25% equity ownership standard in determining when "Control" is deemed to be present.

However, although the NASD Rules define a person who controls 25% or more of a broker-dealer as an "Associated Person," there is no requirement that such a person register with the NASD if his role is limited solely to that of a capital contributor or participant.

*<u>See Article 1(z) of the NASD By-Laws, Rule 1060(a)(3) of the NASD's Membership and Registration Rules, Rule 1017(a)(4) of the NASD's Membership and Registration Rules and the Definition Section of SEC Form B/D – all of which are attached hereto per Exhibit 2 to this Memorandum.</u>*

In order to register Petitioner, Pristine Securities submitted a Form U-4 (Uniform Registration Notice for Securities Industry) with the NASD. Form U-4 is a notice filing to regulators and to the public at large that a particular person is associated with a broker-dealer.

Section 15A(5) of the Form U-4 contains a clause which binds a signatory to arbitrate disputes before the NASD Dispute Resolution as follows:

> *I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions or by-laws of the SROs indicated in Section 4 (SRO REGISTRATION) as may be amended from time to time........*

In or about December 2006, Petitioner resigned from his position as CEO of Pristine Capital.

In or about January 2007, Petitioner also resigned from his position as an Associated Person and/or Registered Person of Pristine Securities. To effectuate his resignation,

4

Pristine Securities filed a Form U-5 (Uniform Termination Notice for Securities Industry Registration) on behalf of Petitioner with the NASD.

Similar to a Form U-4, a Form U-5 is a notice filing to regulators and to the public at large that a particular person is no more associated with a broker-dealer. Filing of the Form U-5 effectively terminated Petitioner's association with Pristine Securities and any agreement to arbitrate disputes before the NASD.

Shortly after leaving Pristine Capital and Pristine Securities, Petitioner founded Velez Capital Management LLC.

## THE FEDERAL LAWSUIT COMMENCED BY PRISTINE CAPITAL

In or about June 2007, Pristine Capital commenced an action in the United States District Court, Southern District of New York, seeking Temporary Restraining Order against Petitioner. The federal suit alleged copyright and trademark infringement, unfair competition, breach of contract and covenant not to compete, breach of duty of loyalty, tortuous interference conversion, and faithless servant. After a hearing before Hon. Judge Pauley, Respondent withdrew the lawsuit.

*See Exhibit 3*

## THE NASD ARBITRATION COMMENCED BY CAPRA AND PRISTINE CAPITAL

On or about August 2007 Respondents commenced the instant NASD Arbitration against Petitioner alleging in sum and substance the same causes of action that was alleged in the federal suit that was withdrawn.

5

Respondents filed the NASD arbitration even though they knew that:

1. Petitioner has no agreement with Respondents to arbitrate matters before the NASD and that Petitioner's agreement to arbitrate pursuant to the Form U-4 (filed by Pristine Securities) was terminated when Pristine Securities filed the Form U-5 on behalf of Petitioner;

2. Respondent, Pristine Capital, is not a member of NASD and as such lacks standing to arbitrate matters before the NASD; and

3. The claims asserted in the Statement of Claim are not eligible for NASD arbitration because they relate to the business of Pristine Capital, a non-NASD member firm and that only matters related to the business of an NASD member firm are eligible for arbitration.

Petitioner has not materially participated in the NASD Arbitration based on his contention that he is not subject to any mandatory arbitration of any disputes with Respondents.

On or about September 20, 2007, Petitioner received a letter from the NASD requesting that Petitioner voluntarily submit to arbitration. However, the NASD has not demanded that Petitioner withdraw the Arbitration.

*See Exhibit 4*

**ARGUMENT**

**PETITIONER IS ENTITLED TO A PERMANENT STAY OF RESPONDENTS' ASSERTED CLAIMS IN THE NASD ARBITRATION BECAUSE THERE IS NO VALID AGREEMENT TO ARBITRATE BETWEEN THE PARTIES.**

CPLR Section 7503(b) provides, in relevant part that " ..... a party who has not participated in the arbitration .... may apply to stay arbitration on the ground that a valid

6

agreement was not made....." No party can be compelled to arbitrate unless the party has entered into an agreement to arbitrate. *See First Options of Chicago v. Kaplan,* 514 U.S. 938 (1995); *Harriman Group v. Napolitano,* 213 A.D. 2d 159, 623 N.Y.S. 2d 224 (1st Dep't 1995); *Haviland v. Sachs,* 947 F. 2d 601, 604 ("arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit"). "The agreement must be clear, explicit and unequivocal..... and must not depend on implication or subtlety." *Harriman,* 213 A.D. 2d 159, 163, citing, *Matter of Waldron,* 61 N.Y. 2d 181 (1984).

While our Court of Appeals has recognized that arbitration is favored as a matter of public policy, equally important is the policy that seeks to avoid unintentional waiver of the benefits and safeguards which a court of law may provide in resolving disputes. *TNS Holdings v. MKI,* 92 N.Y. 2d 335 (1998).

In *TNS Holdings,* the Court stated:

> [U]nless the parties have subscribed to an arbitration agreement it would be "unfair to infer such a significant waiver on the basis of anything less than a clear indication of intent." *Id.* citing, *Matter of Marlene Industries Corp.,* 45 N.Y. 2d 327, 333 (1978).

Therefore, a party may not be compelled to arbitrate and thereby surrender the right to resort to the courts, absent evidence which affirmatively establishes that the party expressly agreed to arbitrate a dispute. *Harriman,* 213 A.D. 2d 159, 163.

### PETITIONER IS NOT A SIGNATORY TO ANY ARBITRATION AGREEMENT WITH RESPONDENTS

The requirement in TNS for a clear and unequivocal agreement to arbitrate applies with equal force in this case. Here there is absolutely no agreement in force executed by Petitioner to arbitrate. Petitioner's Form U-4 which contained an agreement by Petitioner to arbitrate was terminated when Pristine Securities filed the Form U-5 for Petitioner.

7

Equally, the NASD Code of Arbitration requires that parties in customer arbitration must consent in writing to arbitrate before the NASD may entertain any such matter.

Rule 10301(a) of NASD's Code of Arbitration sates as follows:

> Any dispute, claim or controversy eligible for submission …..between a customer and a member and/or associated person arising in connection with the business of such member or in connection with the activities of such associated persons shall be arbitrated under this Code, *as provided by any duly executed and enforceable written contract* or upon demand of the customer *(Italics Mine)*……….

As NASD's own rules require, customer arbitration can only be heard by the NASD if there is a pre-dispute agreement in place.

However, there is no similar or separate language calling for a *"duly executed and enforceable written contract"* for industry member arbitration (i.e., arbitration between member firms and/or associated persons) in the NASD Code of Arbitration because industry members who register with the NASD by filing a Form U-4 consent *a priori* to industry arbitration per Section 15A(5) of the Form U-4.

Nevertheless, and as explained above, Petitioner's Form U-4 and consent to arbitrate was terminated when he resigned and a Form U-5 was filed on his behalf by Pristine Securities.

## THE MATTER IS NOT ARBITRABLE BECAUSE THE CLAIMS ASSERTED ARE NOT IN CONNECTION WITH THE BUSINESS OF AN NASD MEMBER FIRM. IN ADDITION, RESPONDENTS ARE NOT MEMBERS OF NASD.

Rule 10101 of NASD Code of Procedure – Matters Eligible for Submission - states as follows regarding matters that are eligible for arbitration:

> This Code of Arbitration is prescribed and adopted pursuant to Article VII, Section 1(a)(iv) of the By-Laws of the Association for the arbitration of any

8

*dispute, claim or controversy arising out of or in connection with the business of any member of the Association, or arising out of the employment or termination of employment of associated person(s) with any member,* ..........

(a) *between or among members*[2];

(a) *between or among members and associated person;*

(b) *between or among members or associated person and the public, or others;* and ....... (Italics Mine)

The claims asserted in the instant arbitration have nothing to do with the business of a NASD member. Moreover, the arbitration has nothing to do with the employment of Petitioner by an NASD member firm. The claims relate to the business of Pristine Capital, a non-NASD member. Alternatively, the claims relate to the activities of Petitioner while he was employed as the CEO of Pristine Capital, a non NASD member.

Specifically, the Statement of Claim alleged the following causes of action:

First Cause of Action – Conversion

The complaint alleged that Petitioner converted $250,000.00 of funds belonging to Pristine Capital, a non-NASD member.

Second Cause of Action – Conversion of Intellectual Property.

The complaint alleged that Petitioner converted intellectual property belonging to Pristine Capital, a non-NASD member.

Third Cause of Action – Inducement of Breach of Contract and Covenants Not to Compete, Not to Solicit and Not to Disclose Confidential Information.

---

[2] *The term "NASD member" is defined as any broker or dealer admitted to membership in NASD. See Article 1(v) of the NASD By-Laws. Neither Pristine Capital nor Capra is a broker or dealer admitted to membership in NASD. While Capra may qualify as an "Associated Person" of Pristine Securities by virtue of his indirect ownership interest in Pristine Securities, Capra is certainly not a member of the NASD as the term "member" is defined in the NASD By-Laws.*

The allegation relates to breach of contract and non-compete covenants that inure to the benefit of Pristine Capital - a non-NASD member.

Fourth Cause of Action – Refusal to Abide by NASD Supervisory Regulatory Rules with the Intent of Harming MTC[3]

The allegation appears to refer to harm to Pristine Securities, a member of NASD, which is not a party to the instant arbitration.

Fifth Cause of Action – Unfair Competition

The alleged unfair competition was against Pristine Capital, a non-NASD member.

Sixth Cause of Action – Faithless Servant

The alleged faithless servant conduct by Petitioner was against Pristine Capital, a non-NASD member.

Seventh Cause of Action – Breach of Duty of Loyalty

The duty of loyalty alleged to have been breached was owed to Pristine Capital, a non-NASD member.

Eight Cause of Action – Tortuous Interference with Prospective Economic Advantage

The alleged interference was in connection with the business of Pristine Capital, a non-NASD member.

*See Exhibit 1 above.*

---

[3] *The Statement of Claim refers to Pristine Securities Inc. as Matertrader.com or MTC.*

Since the allegations are all in connection with the business of Pristine Capital and since the redress sought are for or will inure to the benefit of Pristine Capital, a non-NASD member, the claims are ineligible for NASD arbitration.

### PETITIONER'S "ASSOCIATED PERSON" STATUS IN REGARD TO HIS OWNERSHIP INTEREST IN PRISTINE SECURITIES DOES NOT *IPSO FACTO* SUBJECTS HIM TO NASD ARBITRATION.

As discussed above, the NASD By-Laws, include persons who directly or indirectly control a broker-dealer, in its definition of "a person associated with a member" or "associated person of a member." Also as discussed above, associated persons are included in the category of persons who are required to submit their claims before NASD. Petitioner is arguably an "associated person" of Pristine Securities because he still indirectly owns 47% of Pristine Securities. However, Pristine Securities is not a party to the instant NASD Arbitration.

However, even though Petitioner owns 47% of Pristine Securities, he is basically a silent shareholder or capital contributor or participant who has nothing to do with the management of Pristine Securities.[4] Moreover, Petitioner has since quit his association with Pristine Capital and Pristine Securities. His Form U-5 has been filed and accepted by the NASD.

Significantly, courts that have considered whether persons "associated" with members of an exchange and therefore must arbitrate a dispute have required *additional* evidence other than the exchange rule itself to show that the "associated person" consented to arbitrate. *See Kessler v. NASD*, Index No. 119593/00 (Sup. Ct. N.Y. Co. 2001(Lebedeff, J)(copy annexed hereto). *See, Haviland v. Goldman Sachs & Co.*, 947 F. 2d 601 (2d Cir.1991); *Tullis v. Kholmeyer & Co.*, 551 F.2d 632 (5th Cir. 1977); *Coenen v. R.W.*

---

[4] The Court is invited to review Rule 1060(a)(3) of the NASD Membership and Registration which specifically exempts from registration persons whose role in a broker-dealer is limited solely to equity ownership.

*Pressprich & Co.*, 453 F.2d 1209 (2d Cir.) cert. denied, 406 U.S. 949 (1972); *Cullen v. Paine, Weber, et al.*, 587 F. Supp. 1520 (N.D. Ga. 1984).

In the instant case, Petitioner's consent to arbitrate matters was withdrawn when Petitioner resigned and Pristine Securities filed a Form U-5 for Petitioner.

The First Department has also reversed a lower court's decision compelling arbitration, and held that corporate entities which are not members of the NASD, notwithstanding a corporate affiliation between the NASD member and the non-NASD member, does not, by itself, make the NASD member's agreement to submit claims for arbitration against itself enforceable against the non-NASD members. *See CDC Capital Inc. v. Gershon*, 723 N.Y.S. 2d 166 (1st Dept. 2001).

## SUMMARY

The New York Courts and the NASD rules require that that there must be an agreement to arbitrate before a person can be compelled to arbitrate. Petitioner had an agreement to arbitrate matters arising out of the business of Pristine Securities, which is not a party to the NASD Arbitration. The agreement was terminated when Petitioner resigned and a Form U-5 was filed on his behalf by Pristine Securities. Therefore, Petitioner has not entered into any agreement with Respondents to arbitrate and the claims sought to be arbitrated relate to the business of Pristine Capital which is not a member of the NASD.

## CONCLUSION

Given that Petitioner (i) is not a party to any agreement to arbitrate and has not entered into any agreement to arbitrate; (ii) has not otherwise agreed to arbitrate any disputes with Respondents; (iii) is not a member of the NASD or otherwise licensed; (iv) is not a sole proprietor, partner, officer, director or branch manager of an NASD member firm and (v) is not engaged in the investment banking or securities business, the NASD cannot mandate Petitioner to arbitrate claims against him. *See First Options of Chicago v. Kaplan and MK Investments*, 514 U.S. 938 (1995) (for the holding that where parties did

not execute a pre-dispute agreement or otherwise clearly express an intention to arbitrate their controversy, no court is going to make them do so). Accordingly, Petitioner, Velez is entitled to an Order permanently staying the arbitration of claims asserted against him by Respondents, and enjoining the NASD from exercising jurisdiction over Petitioner and/or requiring Petitioner to arbitrate.

For all the above reasons, this Court should grant the relief sought in the Verified Petition in all respects and permanently stay the NASD Arbitration against Petitioner, together with such other and further relief as this Court may deem just and proper.

Respectfully submitted this ____ day of ____ 2007

By____
Franklin Ogele, Esq.
New York Bar Admission #2364974
Attorney for Petitioner
One Gateway Center - Suite 2600
Newark, NJ 07102
Office: 973 645 0565/Fax:973 923 7890
Cell 973 277 4239

Velezmoflaw1

13