IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLIVER L. VELEZ | |
| | Case No.: 1:07-cv-08524-AKH |
| Plaintiff, | **FINRA'S RESPONSE TO PETITION TO STAY ARBITRATION** |
| -against- | |
| FINANCIAL INDUSTRY REGULATORY AUTHORITY, GREG CAPRA AND PRISTINE CAPITAL HOLDINGS, INC. | |
| Defendants. | |

Defendant Financial Industry Regulatory Authority, Inc. (FINRA)[1] submits this Response to the Petition to Stay Arbitration originally filed in the Supreme Court for New York County on September 21, 2007, and removed to this Court on or about October 2, 2007.

**I.     SUMMARY OF POSITION**

As the arbitration forum in which the subject arbitration is pending, FINRA is not a real party in interest, and takes no position on the arbitrability of this dispute. FINRA will abide by this Court's determination of arbitrability. However, FINRA does wish to make this Court aware of two aspects of the case that may affect the Court's ultimate decision.

First, plaintiff Oliver Velez's obligation to arbitrate securities disputes survives the termination of his securities license. *O'Neel v. Nat'l Ass'n of Secs. Dealers, Inc.*, 667 F.2d 804, 806-7 (9th Cir. 1982). Second, FINRA's original letter to Velez in which FINRA stated that it did not consider Velez to be subject to mandatory arbitration (attached as Exhibit 3 to the Verified Complaint), was sent in error. FINRA sent a correcting letter to Velez on September

21, 2007 advising that Velez, who held a securities license until February 2007, was subject to mandatory arbitration. Affirmation of Terri L. Reicher, Exhibit 1.

## II. THE OBLIGATION TO ARBITRATE DISPUTES SURVIVES TERMINATION FROM THE SECURITIES INDUSTRY

Velez argues that because he is not currently registered in the securities industry, he is not required to arbitrate disputes under FINRA rules. This is not the case. The obligation to arbitrate securities disputes survives Velez' termination from the securities industry. *O'Neel v. National Ass'n of Sec. Dealers, Inc.*, 667 F.2d 804, 806-7 (9th Cir. 1982); *Muh v. Newberger*, 540 F.2d 970, 973 (9th Cir. 1976). In *O'Neel*, in which the plaintiff argued that the agreement to arbitrate contained in his Form U4 registration form did not apply to a New York Stock Exchange arbitration claim his former employer asserted against him nearly four years after he left the industry. The court stated:

> It would seem strange indeed that with such a significant integrated method of dispute settlement one party could frustrate the purpose of the Exchange rules and a federal policy favoring arbitration by the mere expediency of resignation from the Exchange.

*Id.* at 806-07, *quoting Muh v. Newberger, Loeb & Co.*, 540 F.2d 970, 973 (9th Cir. 1976). *Accord, In re Prudential Ins. Co. of Am Sales Practices Litig.*, 924 F. Supp. 627, 636 (D. N.J. 1996); *Hickman v. Paine Webber Inc.*, No. 1:96-CV-0273, 1996 U.S. Dist. LEXIS 13196, at *2 (E.D. Tex. 1996) ("An obligation to arbitrate is not extinguished by resignation from an association of securities dealers or the brokerage firm."); *Strappes Group, Inc. v. Siedle*, No. 1:93-cv-11385, 1993 WL 443926 at *5 (D. Mass 1993.). *See also*, *Lombard Securities, Inc. v. White & Co., et al.*, 903 F. Supp. 895, 898 (D. Md. 1995); *Goldberg v. Donaldson Lufkin &*

---

[1] FINRA is formerly known as National Association of Securities Dealers, Inc. (NASD).

*Jenrette Sec. Corp.*, 650 F. Supp. 222, 226 (N.D. Ga. 1986) ("An arbitration agreement between securities members applies to any dispute that arises while the parties were members.").

### III. FINRA CONSIDERS VELEZ SUBJECT TO MANDATORY, NOT VOLUNTARY, ARBITRATION

Velez asserts in his papers that FINRA served this action on a "voluntary" basis, and that FINRA does not consider Velez to be obligated to arbitrate this dispute. This assertion is based upon a FINRA error in a September 14, 2007 letter to Mr. Velez serving the Statement of Claim. Exhibit 3 to Verified Complaint. However, FINRA corrected the error in a subsequent September 21, 2007 letter advising Velez that FINRA had sent the earlier letter in error, and that FINRA considers Velez obligated to arbitrate this dispute by virtue of his prior securities industry registration. Affirmation of Terri L. Reicher, Exhibit 1.

Pursuant to FINRA Rule 13200[2], disputes between associated persons are subject to mandatory arbitration.

**13200. Required Arbitration**

**(a) Generally**

Except as otherwise provided in the Code, a dispute must be arbitrated under the Code if the dispute arises out of the business activities of a member or an associated person and is between or among:

• Members;

---

[2] FINRA notes that Velez's papers cite to a version of the Code of Arbitration Procedure that has been superceded. For cases filed on or after April 16, 2007, FINRA adopted two Codes, one applicable to disputes with customers, and the other applicable to disputes within the securities industry. These Codes can be found at:
http://www.finra.org/ArbitrationMediation/Arbitration/CodeofArbitrationProcedure/p009566.
The arbitration claim in this case was filed on or about August 18, 2007, and pertains to an industry dispute. Therefore, the Code of Arbitration Procedure for Industry Disputes applies to this case.

3

- Members and Associated Persons; or

- Associated Persons.

Velez is free to ask for the arbitrators to reconsider the issue of arbitrability. The FINRA Code gives arbitrators, once appointed, complete authority to interpret the rules and control the case before them. FINRA Code Rule 13413. ("The panel has the authority to interpret and determine the applicability of all provisions under the Code. Such interpretations are final and binding upon the parties.")  The arbitrators may consider new arguments and evidence, and they are not bound by FINRA's initial, facial review of the statement of claim.  And any arbitral decision is subject to judicial review pursuant to the Federal Arbitration Act. Velez therefore has a remedy.

**IV.   CONCLUSION**

WHEREFORE, defendant Financial Industry Regulatory Authority, Inc. agrees to abide by any determination of this Court regarding arbitrability.

Dated: October 12, 2007　　　　　　　　　　Respectfully submitted,
　　　　Washington, D.C.　　　　　　　　　　Financial Industry Regulatory
　　　　　　　　　　　　　　　　　　　　　　Authority, Inc.

　　　　　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　　　Terri L. Reicher TR-8260
　　　　　　　　　　　　　　　　　　　　　　Associate General Counsel
　　　　　　　　　　　　　　　　　　　　　　Financial Industry Regulatory Authority, Inc.
　　　　　　　　　　　　　　　　　　　　　　1735 K Street, N.W.
　　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20006
　　　　　　　　　　　　　　　　　　　　　　Telephone (202) 728-8967
　　　　　　　　　　　　　　　　　　　　　　Telecopier (202) 728-8894

　　　　　　　　　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　　　　　　　　Financial Industry Regulatory Authority, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of October, 2007, a copy of the foregoing Response to Petition to Stay Arbitration, with accompanying Affirmation of Terri L. Reicher and Rule 7.1 Disclosure, was mailed by overnight mail, Federal Express, to:

Franklin I. Ogele
One Gateway Center, Suite 2600
Newark, NJ 07102

                                                                                _____/s/_____
                                                                                 Terri L. Reicher