UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OLIVER L. VELEZ

    Plaintiff,

v.

PRISTINE CAPITAL HOLDINGS INC.,
GREG CAPRA, AND FINANCIAL INDUSTRY
REGULATORY AUTHORITY,

Defendants.

Case No.: 1:07-cv-08524-AKH

**DEFENDANTS PRISTINE CAPITAL HOLDINGS INC. AND GREG CAPRA'S ANSWER TO VERIFIED COMPLAINT WITH COUNTERCLAIM**

    Defendants Pristine Capital Holdings Inc. ("PCH") and Greg Capra ("Capra") hereby answer the Verified Complaint as follows:

1. Admitted.

2. Admitted, except Financial Industry Regulatory Authority is not properly joined as a party here.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Denied.

10. Admitted.

11.    Admitted, but Pristine Securities Inc. d/b/a Mastertrader.com is a wholly owned subsidiary of Defendant PCH and is a member firm of FINRA.

12.    Admitted.

13.    Admitted.

14.    Admitted.

15.    Denied. FINRA Rules 12200 and 13200 apply.

16.    Admitted as to the date of resignation as the CEO; denied as to the date of termination as an Associated Person and/or Registered Representative of the broker-dealer.

17.    Admitted.

18.    Denied.

19.    Denied.

20.    Denied as to the first Paragraph "20". A letter dated September 14, 2007 from FINRA Dispute Resolution to Velez was sent in error. Correspondence correcting the September 14, 2007 letter from FINRA Dispute Resolution to Velez dated September 21, 2007 informed Velez that his obligation to arbitrate was mandatory, not voluntary.

20.    Denied as to the second Paragraph "20".

## COUNTERCLAIM

21.    PCH is the holding company for and sole owner of two subsidiaries, one of which is a member firm licensed with FINRA. Both Plaintiff Velez and Defendant Greg Capra were previously Registered Principals of the member firm during the time period relevant to this controversy, and continue to be Associated Persons thereof.

22. By executing their respective U-4s they agreed to arbitrate any disputes with other associated persons and any member firms pursuant to the rules, constitutions or by-laws of the SROs with whom they registered.

23. Thus, any disputes between Velez and Capra must be arbitrated.

24. On or about August 18, 2007, pursuant to the rules of FINRA Dispute Resolution, Defendants Capra and PCH filed a "Statement of Claim" ("Claim") (annexed as Exhibit "1" to the Plaintiff's Verified Complaint before the Supreme Court of New York for New York County, and included within Exhibit "A" to Defendants' Certification accompanying the Notice of Removal) with that organization alleging that Velez had engaged in illicit business practices when he was the CEO and Registered Principal of PCH, which included the conversion of $250,000.00 in corporate funds to his personal use.

25. The FINRA Dispute Resolution Claim was properly served upon Velez.

26. Instead of responding to the Claim in the arbitration proceeding, on September 21, 2007 Velez ("Petitioner" or "Plaintiff") filed a Complaint in the Supreme Court of the State of New York, New York County seeking a stay of the arbitration proceeding.

27. Without addressing the FINRA requirement to arbitrate that controls Velez and Capra, the Complaint alleges that there is no agreement to arbitrate disputes that exists between Velez and PCH, and that therefore Petitioner seeks an Order and Judgment permanently staying the arbitration against Velez, and enjoining FINRA Dispute Resolution from taking action to proceed with, conduct or hold the arbitration proceeding.

28. On October 2, 2007, Defendants PCH and Capra filed a Notice of Removal of the State Supreme Court action, to this Court and commenced the instant proceeding.

## JURISDICTION

29. Defendant PCH has its principal place of business at 2333 Brickell Ave., Suite UL7, Miami, FL 33129, and is incorporated in the State of Delaware.

30. The other defendant, Greg Capra, is a resident of Florida.

31. Plaintiff's Complaint states that Plaintiff resides in White Plains, New York.

32. The Financial Industry Regulatory Authority ("FINRA", which comprises the self-regulatory authorities previously known as NYSE Regulation Inc. and NASDR Inc.) is not properly joined as a party to this matter. It is the arbitration facility used by the securities industry at which Defendants commenced the arbitration proceeding that the petitioner here wishes to permanently stay.

33. By correspondence dated September 21, 2007, FINRA Dispute Resolution informed Velez that he is "required by the Rules of FINRA Dispute Resolution to arbitrate this matter". That document is annexed as Exhibit "B" to the Certification of Dan A. Druz that accompanies the Notice of Removal.

34. The United States District Court for the Southern District of New York has original jurisdiction over this action pursuant to 28 U.S.C. §1332 because it arises between citizens of different states and the amount in controversy in the underlying arbitration proceeding is in excess of $75,000, exclusive of interest and costs.

35. The United States District Court for the Southern District of New York has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and the Securities Exchange Act, § 27 of the Exchange Act, 15 U.S.C. §78aa.

**WHEREFORE,** Defendants Capra and PCH, Inc. request that Petitioner Velez be compelled to arbitrate the underlying controversy, captioned <u>In the Matter of the Arbitration between Greg Capra and Pristine Capital Holdings Inc. and Oliver L. Velez</u>, FINRA Arbitration No. 07-02396, pursuant to the FINRA Industry Code of Arbitration Procedure, and that the Petition to permanently stay the Arbitration proceeding be dismissed in its entirety.

Dated: October 15, 2007

s/<u>Dan A. Druz</u>
Dan A. Druz (DD-6177)
Attorney for Defendants
Pristine Capital Holdings Inc.
Greg Capra
291 E. Main St., Suite 1000
Manasquan, NJ 08736