# CERTIFICATION OF OLIVER VELEZ

CertVelez

FRANKLIN I. OGELE (FO-0040)
LAW OFFICE OF FRANKLIN OGELE
ONE GATEWAY CENTER, SUITE 2600
NEWARK, NJ 07102
ATTORNEY FOR OLIVER L. VELEZ

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X

OLIVER L. VELEZ

    Plaintiff

vs.

FINANCIAL INDUSTRY
REGULATORY AUTHORITY
GREG CAPRA AND
PRISTINE CAPITAL HOLDINGS, INC.

    Defendants

-------------------------------------------------X

INDEX #07/112799

CIVIL ACTION #07-CV-08524 (AKH)

CERTIFICATION OF OLIVER VELEZ

STATE OF NEW YORK  )
                            ) ss
COUNTY OF NEW YORK )

OLIVER VELEZ, being duly sworn, deposes and says:

1.     I am the Defendant or Respondent in the FINRA Arbitration Complaint filed Greg Capra ("Capra") and Pristine Capital Holdings, Inc. ("Pristine Capital"). *Please see Exhibit 2 to the accompanying Memorandum of Law*

2.     After being served with the Arbitration Complaint papers, I filed a Petition under New York's CPLR 7503(b) with the New York State Supreme Court to Stay the Arbitration because I have not consented to arbitrate. I have knowledge of the facts in the case based upon personal knowledge as well as upon my examination of the relevant documents.

O.V.

1

3. Instead of filing an Answer to my Petition to Stay the Arbitration, Capra and Pristine Capital filed this *ex parte* Notice of Removal which removed my Motion to Stay Arbitration to this Court.

4. I submit this Certification in support of my motion to remand my Motion to Stay Arbitration to the Supreme Court of New York and to dismiss my opponents' Notice of Removal and for costs and fees because neither my opponents Arbitration Complaint nor my Motion to Stay Arbitration contains any federal subject matter. Moreover, there is no diversity of citizenship to warrant removal because (1) Pristine Capital conducts business from and maintains its principal place of business in White Plains, New York and (2) Capra, Pristine Capital's current President and CEO, also conducts business out of Pristine Capital's White Plains NY office.

**FACTUAL BACKGROUND**

5. In or about 1994, I founded Pristine Capital Management, Inc. with Capra. At that time, I held 50% of Pristine Capital while Capra held the remaining 50%.

6. In or about 2001, Capra and I also founded Pristine Securities, Inc., a broker-dealer and a member of the Financial Industry Regulatory Authority ("FINRA" f/k/a NASD ("Pristine Securities" or the "Broker-Dealer").

7. In or about 2001, I founded Pristine Services, Inc. with Capra.

8. In or about 2001, Capra and I formed Pristine Capital Holdings Inc. and dissolved Pristine Capital Management, Inc. Pristine Capital Holdings Inc. became the holding company for Pristine Securities and Pristine Services, Inc. In addition, the shares of Pristine Capital were allocated 47% to me and 47% to Capra respectively.

9. I was the Chief Executive Officer of Pristine Capital.

2

10. I had no role in the management of Pristine Securities; my role in Pristine Securities was limited solely to that of a capital contributor or capital participant.

11. Although I was registered as an Associated Person and/or Registered Person of Pristine Securities through a filing of Form U-4 by Pristine Securities with the FINRA, I have since become aware that I was not required under the relevant FINRA rules to register with Pristine Securities.

12. On or about December 2006, I resigned from my position as CEO of Pristine Capital.

13. On or about January 2007, I also resigned from my position as an Associated Person and/or Registered Person of Pristine Securities.

14. In order to effectuate my resignation, Pristine Securities filed a Form U-5 with the NASD. The filing was made on or about February 13, 2007.

15. As a result of my resignation and submission of Form U-5, and upon information and belief, my consent to arbitrate disputes per the Form U-4 was effectively terminated.

16. In June 2007, Pristine Capital commenced an action in the United States District Court, Southern District of New York, seeking a Temporary Restraining Order against me and others. The federal suit alleged copyright and trademark infringement, unfair competition, breach of contract and covenant not to compete, breach of duty of loyalty, tortuous interference, conversion, and faithless servant. After a hearing before Hon. Judge William Pauley, III during which the honorable Judge described the suit as a *"train wreck"*, Pristine Capital withdrew the lawsuit.

17. On or about August 2007 Capra and Pristine Capital commenced the FINRA Arbitration Complaint against me alleging in sum and substance the same causes of action that were alleged in the federal suit that was withdrawn.

## BASIS FOR THIS MOTION TO REMAND AND FOR COSTS AND FEES

18. There is no federal subject matter in the FINRA Arbitration Complaint and in my Motion to Stay Arbitration to warrant the removal.

19. There is no diversity of citizenship. Pristine Capital maintains its principal place of business at 7-11 Broadway, Suite 210, White Plains, New York 10601. Pristine Capital's White Plains principal place of business is unequivocally confirmed by Pristine Capital's own FINRA Arbitration Complaint and in its withdrawn federal lawsuit. In both documents Pristine Capital clearly stated that its principal office is in White Plains, New York.

20. Furthermore, Capra is clearly stated in the Arbitration Complaint as the President and CEO of Pristine Capital and therefore conducts business in the State of New York and subject to New York's jurisdiction.

21. In the absence of federal subject matter jurisdiction and diversity of citizenship, I am compelled to file this Notice of Motion to Remand this matter back to the Supreme Court of the State of New York where it was originally submitted to Honorable Judge Jane Solomon without opposition.

22. Upon information and belief, my Motion to Stay Arbitration is Special Proceeding which should have been heard forthwith in New York state court. As a result of Capra and Pristine Capital's improvident removal of this matter I have been compelled to incur substantial expense and attorney fees to litigate this matter from your Honorable Court to New York State court. *See Exhibit 8 of the accompanying Memorandum of Law.*

23. Therefore, I pray the Court to (1) Remand this matter to the Supreme Court of New York, (2) Dismiss Capra and Pristine Capital's Notice of Removal and (3) Order Capra and Pristine Capital to reimburse me for fees, costs and attorney fees.

O.J.

Sworn to before me this

14th day of Nov, 2007

_____
NOTARY PUBLIC

MARLON JOHNSON
Notary Public - State of New York
No. 01JO6158952
Qualified in Kings County
My Commission Expires Jan. 16, 2011

_____
OLIVER L. VELEZ

Velezaffidavit2