Case 1:07-cv-08324-AKH    Document 11-6    Filed 11/19/2007

| | |
|---|---|
| 7D. While employed by or associated with your *firm*, or in connection with events that occurred while the individual was employed by or associated with your *firm*, was the individual *involved* in any *disciplinary action* by a domestic or foreign governmental body or *self-regulatory organization* (other than those designated as a "*minor rule violation*" under a plan approved by the U.S. Securities and Exchange Commission) with jurisdiction over the *investment-related* businesses? | ○ ⊙ |

### Customer Complaint/Arbitration/Civil Litigation Disclosure

YES NO

7E. 1. In connection with events that occurred while the individual was employed by or associated with your *firm*, was the individual named as a respondent/defendant in an *investment-related*, consumer-initiated arbitration or civil litigation which alleged that the individual was *involved* in one or more *sales practice violations* and which:

   (a) is still pending, or;  ○ ⊙

   (b) resulted in an arbitration award or civil judgment against the individual, regardless of amount, or;  ○ ⊙

   (c) was settled for an amount of $10,000 or more.  ○ ⊙

2. In connection with events that occurred while the individual was employed by or associated with your *firm*, was the individual the subject of an *investment-related*, consumer-initiated complaint, not otherwise reported under question 7(E)(1) above, which alleged that the individual was *involved* in one or more *sales practice violations*, and which complaint was settled for an amount of $10,000 or more?  ○ ⊙

3. In connection with events that occurred while the individual was employed or associated with your *firm*, was the individual the subject of an *investment-related*, consumer-initiated, written complaint, not otherwise reported under questions 7(E)(1) or 7(E)(2) above, which:

   (a) would be reportable under question 14I(3)(a) on Form U4, if the individual were still employed by your *firm*, but which has not previously been reported on the individual's Form U4 by your *firm*; or  ○ ⊙

   (b) would be reportable under question 14I(3)(b) on Form U4, if the individual were still employed by your *firm*, but which has not previously been reported on the individual's Form U4 by your *firm*.  ○ ⊙

### Termination Disclosure

YES NO

7F. Did the individual voluntarily *resign* from your firm, or was the individual discharged or permitted to *resign* from your firm, after allegations were made that accused the individual of:

   1. violating *investment-related* statutes, regulations, rules or industry standards of conduct?  ○ ⊙

   2. fraud or the wrongful taking of property?  ○ ⊙

   3. failure to supervise in connection with *investment-related* statutes, regulations, rules or industry standards of conduct?  ○ ⊙

Rev. Form U5 (10/2005)

### 8. SIGNATURE

Please Read Carefully

All signatures required on this Form U5 filing must be made in this section.

A "Signature" includes a manual signature or an electronically transmitted equivalent. For purposes of an electronic form filing, a signature is effected by typing a name in the designated signature field. By typing a name in this field, the signatory acknowledges and represents that the entry constitutes in every way, use, or aspect, his or her legally binding signature.

8A. FIRM ACKNOWLEDGMENT

This section must be completed on all U5 form filings submitted by the *firm*.

**INDIVIDUAL ACKNOWLEDGMENT AND CONSENT**

8B. This section must be completed on amendment U5 form filings where the individual is submitting changes to Part II of the INTERNAL REVIEW DRP or changes to Section 2 (CURRENT RESIDENTIAL ADDRESS).

### 8A. FIRM ACKNOWLEDGMENT

I VERIFY THE ACCURACY AND COMPLETENESS OF THE INFORMATION CONTAINED IN AND WITH THIS FORM.

**Person to contact for further information**
JAIME ANNEXY

**Telephone # of person to contact**
914-422-2966

**Signature of** *Appropriate Signatory*
JAIME ANNEXY

**Date** (MM/DD/YYYY)
02/13/2007

Type or Print Name of Appropriate Signatory

---

Rev. Form U5 (10/2005)

### INVESTIGATION DRP
No Information Filed

Rev. Form U5 (10/2005)

### INTERNAL REVIEW DRP
No Information Filed

Rev. Form U5 (10/2005)

### CRIMINAL DRP
No Information Filed

Rev. Form U5 (10/2005)

### TERMINATION DRP
No Information Filed

Rev. Form U5 (10/2005)

### REGULATORY ACTION DRP
No Information Filed

Rev. Form U5 (10/2005)

### CUSTOMER COMPLAINT/ARBITRATION/CIVIL LITIGATION DRP
No Information Filed

# EXHIBIT 3

**FINRA Dispute Resolution**

Northeast Region
One Liberty Plaza | 165 Broadway, 27th Floor | New York NY | 10006-1400 | 212 858 4200 | Fax 301 527 4873



September 14, 2007

Oliver L. Velez
14 Richbell Road
White Plains, NY 1065

Subject:     FINRA Dispute Resolution Arbitration Number 07-02396
Greg Capra and Pristine Capital Holdings Inc. v. Oliver L. Velez.

Dear Mr. Velez:

FINRA Dispute Resolution provides a forum for the resolution of disputes involving public investors and broker-dealers, and members of the American Stock Exchange (AMEX), International Stock Exchange (ISE), Nasdaq Liffe Markets (NqLX), and Philadelphia Stock Exchange (PHLX), and Municipal Securities Rulemaking Board (MSRB) registrants and/or their associated persons.

Please be advised that the Securities and Exchange Commission (SEC) has approved the NASD Codes of Arbitration Procedure for Customer (Customer Code) and Industry (Industry Code) Disputes. The Customer and Industry Codes become effective on April 16, 2007 and apply to all claims filed on or after the effective date. Please note that the list selection provisions of the new Customer or Industry Codes will apply to previously filed claims in which a list of arbitrators has not yet been generated and sent to the parties, or in which an entirely new list of arbitrators must be generated. In these cases, even though a list has been generated under the new Customer or Industry Code, the claim will continue to be governed by the remaining provisions of the old Code of Arbitration Procedure (Old Code) unless all parties agree to proceed under the new Customer or Industry Code.

The claim was filed on or after April 16, 2007, therefore the case will be governed by the Customer/Industry Code.

This office administers cases according to the procedures set forth in NASD Rules. The most up-to-date version of the rules can be accessed or downloaded from our Web site at http://www.finra.org. On the FINRA Dispute Resolution Web site, you will also find important instructions concerning filing your answer or other claims (The FINRA Dispute Resolution Party's Reference Guide). If you do not have access to the Internet, you may call our office to request a copy of these documents.

### Filing a Statement of Answer

Since you have been named as a party in this arbitration, enclosed is a copy of the Statement of Claim. However, since you have not signed an agreement to arbitrate, your submission to arbitration must be voluntary. Please inform us in writing if you refuse to submit to arbitration.

If you decide to file a Statement of Answer:

1. Your Statement of Answer must specify all relevant facts and available defenses to the Statement of Claim submitted (See NASD Rules[1]).

2. Your Answer may include any related claim(s) that you may have against the claimant or any other party subject to arbitration under the rules. If you assert any of these claims please refer to the Schedule of Fees[2] for the related filing fee. If you assert a claim, it should be submitted with the fee in the attached envelope.

3. Pursuant to NASD Rules,[3] you are required, no later than November 5, 2007, to send to the Claimant and all other parties, a signed Uniform Submission Agreement (form enclosed) and your Answer. Claimant or Claimant's counsel's address is provided at the end of this service letter.

4. NASD Rules also require that you send to the Director of Arbitration: (a) the original and three copies of the Uniform Submission Agreement, properly signed and dated by you; (b) the original and three copies of your Answer; and (c) four copies of any document(s) referred to in your Answer. When sending copies of your Answer to the Director of Arbitration, please indicate that you have properly served your Answer on all parties. If you need an extension of time to file your Statement of Answer, you may contact the Claimant directly and request one. If Claimant agrees to extend your time to file your Answer, please notify FINRA in writing of the new deadline for filing your Answer. You should also send a copy of that notice to the Claimant and all other parties.

### Hearing Location

If an arbitration involves a public customer, FINRA Dispute Resolution will generally select a hearing location closest to the customer's residence at the time the dispute arose.[4]

In disputes between member firms, MSRB registrants and associated persons, FINRA Dispute Resolution will select the hearing location that is closest to the location where the associated person was employed at the time the dispute arose.

In industry disputes involving only member firms and/or MSRB Registrants unless the member firms are in the same locale or the parties agree to a specific hearing location, FINRA Dispute Resolution will consider the following factors when deciding the hearing location:

---

[1] Customer Code Rule 12303
Industry Code Rule 13303
Old Code Rule 10314(b)

[2] Customer Code Rule 12900
Industry Code Rule 13900
Old Code Rule 10332

[3] Customer Code Rule 12303
Industry Code Rule 13303
Old Code Rule 10314(b)

[4] Customer Code Rule 12213
Industry Code Rule 13213

1) Which party initiated the transactional issue;
2) The location of witnesses and documents; and
3) The relative hardship for travel of a party to a specific location.

The **ANTICIPATED** hearing location of this case is: New York City, New York. This preliminary decision was made, pursuant to NASD Rules,[5] by me, acting on behalf of the Director of Arbitration. A final decision regarding the initial hearing location will be rendered before the Panel is being appointed. In addition, NASD Rules[6] authorize the presiding Panel to determine the time and place of all subsequent hearing(s).

If the anticipated initial hearing location listed above is **UNKNOWN**, FINRA Dispute Resolution is requesting recommendations from all parties for the hearing location based on the above applicable guidelines.

### Other Information

If, after reading NASD Rules and "FINRA Dispute Resolution Party's Reference Guide" booklet, you still have questions regarding FINRA Dispute Resolution arbitration, please contact us. When contacting me, please refer to the number assigned to this case, which is 07-02396. FINRA Dispute Resolution encourages the parties to communicate among themselves to resolve issues that do not require FINRA Dispute Resolution intervention.

Pursuant to Article V, Section 2(c) of the FINRA By-Laws, if you are a registered representative with the FINRA, you are required to keep your registration application current. You are, therefore, advised to review the Form U-4 to determine if disclosure of this matter is required. If so, your failure to update your registration application may result in the filing of a formal complaint based on any omission. Any questions regarding this disclosure requirement should be directed to the FINRA Member Services Phone Center (301) 590-6500.

### Discovery

In disputes involving customers, for assistance with discovery, please review the attached Discovery Guidelines. In disputes involving only industry parties, for assistance with discovery, please review the applicable discovery code provisions for guidance.[7]

### Motions[8]

The time to respond to motions (other than motions to dismiss, as noted below) are governed by customer

---

[5] Customer Code Rule 12213
Industry Code Rule 13213
Old Code Rule 10315

[6] Customer Code Rule 12600
Industry Code Rule 13600
Old Code Rule 10315

[7] Industry Code Rule 13505 through and including Rule 13514

[8] For questions about motion practice under the Old Code, please contact your case administrator.

and industry code Rules 12503(b) and 13503(b), respectively.

### Responding to Motions

Parties have 10 days from the receipt of a written motion to respond to the motion, unless the moving party agrees to an extension of time, or the Director or the panel decides otherwise. Responses to written motions must be served directly on each other party, at the same time and in the same manner. Responses to written motions must also be filed with the Director, with additional copies for each arbitrator, at the same time and in the same manner in which they are served on the parties.

### Motions to Dismiss

FINRA Dispute Resolution does not have a rule that expressly addresses motions to dismiss claims before a hearing on the merits. Therefore, for cases proceeding according to the Old Code, Customer Code, or Industry Code, the response to a motion to dismiss will not be due until the panel sets a deadline for the response.

Very truly yours,


Paula Union
Case Administrator
212-858-4200 FAX:301-527-4904


PRU:HP:LC39G
idr:08/07
Enclosure
CC:
    Dan A. Druz, Esq., Greg Capra
    291 E. Main St., Suite 1000, Manasquan, NJ  08736

RECIPIENTS:
    Oliver L. Velez
    14 Richbell Road, White Plains, NY  1065

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x

In the Matter of Application of                    Index # 07/112799

OLIVER L. VELEZ

              Petitioner,                    **AFFIDAVIT**

For an Order Pursuant to Article 75
of the CPLR to Permanently Stay
Arbitration

            -Against-

FINANCIAL INDUSTRY
REGULATORY AUTHORITY
DISPUTE RESOLUTION, INC.
(FORMERLY THE NASD)
GREG CAPRA AND
PRISTINE CAPITAL HOLDINGS, INC.

            Respondents

------------------------------------------------------------------x

STATE OF NEW YORK   )
                            ) ss
COUNTY OF NEW YORK )

OLIVER VELEZ, being duly sworn, deposes and says:

1.    I am the Petitioner in the captioned proceeding. I am seeking permanent stay of arbitration pursuant to CPLR 7503(b). I have knowledge of the facts in the case based upon personal knowledge as well as upon my examination of the relevant documents.

2.    I submit this affidavit in support of my motion to stay arbitration commenced by Greg Capra ("Capra") and Pristine Capital Holdings Inc. ("Pristine Capital") (collectively the "Respondents") against me on the grounds (i) I am not a signatory to any agreement to arbitrate any dispute with the Respondents; (ii) I have not otherwise agreed verbally to

1

arbitrate any disputes with the Respondents and (iii) I am not a member of the NASD or any other self regulatory organization.

## FACTUAL BACKGROUND

3.    In or about 1994, I founded Pristine Capital Management, Inc. with Capra. At that time, I held 50% of Pristine Capital while Capra held the remaining 50%.

4.    In or about 2001, Capra and I also founded Pristine Securities, Inc., a broker-dealer and a member of NASD ("Pristine Securities" or the "Broker-Dealer").

5.    In or about 2001, I founded Pristine Services, Inc. with Capra.

6.    In or about 2001, Capra and I formed Pristine Capital Holdings Inc. and dissolved Pristine Capital Management Inc. Pristine Capital Holdings Inc. became the holding company for Pristine Securities Inc. and Pristine Services Inc. In addition, the shares of Pristine Capital Holdings Inc. were allocated 47% to me and 47% to Capra respectively.

7.    I was the Chief Executive Officer of Pristine Capital and my role was limited to conducting seminars on how to trade securities. The seminars were organized and conducted by and under the auspices of Pristine Services.

8.    I had no role in the management of Pristine Securities; my role in Pristine Securities was limited solely to that of a capital contributor or capital participant.

9.    Although I was registered as an Associated Person and/or Registered Person of Pristine Securities through a filing of Form U-4 by Pristine Securities with the NASD, I have since become aware that I was not required under the relevant NASD rules to register with Pristine Securities.

10. On or about December 2006, I resigned from my position as CEO of Pristine Capital.

11. On or about January 2007, I also resigned from my position as an Associated Person and/or Registered Person of Pristine Securities.

12. In order to effectuate my resignation, Pristine Securities filed a Form U-5 with the NASD. The filing was made on or about February 13, 2007.

13. As a result of my resignation and submission of Form U-5, and upon information and belief, my consent to arbitrate disputes per the Form U-4 was effectively terminated.

14. In June 2007, Pristine Capital commenced an action in the United States District Court, Southern District of New York, seeking Temporary Restraining Order against me and others. The federal suit alleged copyright and trademark infringement, unfair competition, breach of contract and covenant not to compete, breach of duty of loyalty, tortuous interference, conversion, and faithless servant. After a hearing before Hon. Judge Pauley, Pristine Capital withdrew the lawsuit.

15. On or about August 2007 Respondents commenced the instant NASD Arbitration against me alleging in sum and substance the same causes of action that was alleged in the federal suit that was withdrawn.

16. On or about September 20, 2007, I received a letter from the NASD requesting that I voluntarily submit to arbitration. However, the NASD has not demanded that Respondents withdraw the Arbitration.

## BASIS FOR THE INSTANT MOTION

17. I am not a party to any agreement with Respondents to arbitrate any matter before the NASD.

18.  I am not an officer, director, or principal of any NASD member firm or any self regulatory organization and I do not currently maintain any registration or securities licenses which would require that I submit to arbitration.

19.  The allegations against me relates to the business activities of Pristine Capital which is not a member of the NASD.

20.  I have not expressly or otherwise waived the benefits and safeguards available to me in having a court of law resolve the issues set forth in Respondents' Statement of Claim.

21.  Nor have I materially participated in the NASD arbitration based on my belief that I am not subject to mandatory arbitration of any disputes with Respondents.

22.  Since I (i) am not a party to any agreement to arbitrate and have not entered into any agreement to arbitrate; (ii) have not otherwise agreed to arbitrate any disputes with Respondents; (iii) am not a member of the NASD or otherwise licensed; (iv) am not a sole proprietor, partner, officer, director or branch manager of an NASD member firm, and (v) am not engaged in the investment banking or securities business, there is no basis to force me to arbitrate and the Arbitration should be permanently stayed against me.

23.  I make the instant application by Order to Show Cause so that pending the hearing and determination of this application, this Court will stay proceedings in the Arbitration and extend my time to answer the Statement of Claim so that my rights as a litigant will not be prejudiced in the Arbitration.

24.  This Court should issue a stay pending the hearing and determination of this application because I should not be required to expend any time and effort in the preparation of an answer or to otherwise participate in the Arbitration, when the claims set forth in the Statement of Claim are not subject to mandatory arbitration.

25.     No prior application has been made to this or any other Court or Justice for the relief requested herein in the Verified Petition.

26.     For all the above reasons, I respectfully request that the Court grant me the relief which I have sought in the Verified Petition in its entirety and that the Court permanently stay the NASD Arbitration No. 07-2396 against me captioned: *"In the Matter of the Arbitration between Greg Capra and Pristine Capital Holdings Inc., (Plaintiffs) v. Oliver Velez, (Respondent)"* together with all such other and/or further relief as this Court deems just and proper.

Sworn to before me this

26th day of Sept. 2007

_____
NOTARY PUBLIC

ANTHONY NKRUMAH
Notary Public, State of New York
No. 01NK6118606
Qualified in Queens County
Commission Expires November 15, 2008

_____
OLIVER L. VELEZ

Velezaffidavit1

5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------x
In the Matter of Application of                    Index # 07/112799

OLIVER L. VELEZ

**ATTORNEY'S
AFFIRMATION**

Petitioner,

For an Order Pursuant to Article 75
of the CPLR to Permanently Stay
Arbitration

-Against-

FINANCIAL INDUSTRY
REGULATORY AUTHORITY
DISPUTE RESOLUTION, INC.
(FORMERLY, THE NASD)
GREG CAPRA AND
PRISTINE CAPITAL HOLDINGS, INC.

Respondents
----------------------------------------------------------------x

FRANKLIN I. OGELE, an Attorney duly admitted to practice law in the State of New York, affirms under penalty of perjury and says:

1.   I am the Attorney for Petitioner, Velez, and I have knowledge of the facts set forth herein. I submit this affirmation in support of Velez's Petition and/or Motion to Permanently Stay the Arbitration No. 07-2396 before the NASD captioned: *In the Matter of the Arbitration between Greg Capra and Pristine Capital Holdings Inc., (Plaintiffs) v. Oliver L. Velez (Respondent)* on the grounds that there is no agreement between Velez and the Plaintiffs to arbitrate the controversy before the NASD.

1

2. For reasons set forth in Velez's accompanying Memorandum of Law, the NASD Arbitration should be permanently.

Affirmed this 20th day of September 2007

_____
Franklin I. Ogele, Esq.


AttnyAffirmation1

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x

In the Matter of Application of

OLIVER L. VELEZ

                                Petitioner,

For an Order Pursuant to Article 75
of the CPLR to Permanently Stay
Arbitration

                                -Against-

FINANCIAL INDUSTRY
REGULATORY AUTHORITY
DISPUTE RESOLUTION, INC.
(FORMERLY, THE NASD)
GREG CAPRA AND
PRISTINE CAPITAL HOLDINGS, INC.

                                Respondents

-----------------------------------------------------------------x

Index # 07/112799

Petitioner designates New York County as the place of trial. Venue is based on one of Respondents' principal place of business

## PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF PETITION TO STAY ARBITRATION

Petitioner, OLIVER L. VELEZ, by his Attorney, Franklin Ogele, submits this Memoranda of Law in support of his Petition to Stay Arbitration before the Financial Industry Regulatory Authority ("FINRA"), formerly, the National Association of Securities Dealers, Inc. (the "NASD")[1]

---

[1] In or about 2007, the regulatory arm of the NASD merged with the New York Stock Exchange and adopted the NASD name. However, this Memorandum of Law will continue to use the more familiar NASD name as opposed to the recently adopted FINRA name.



1

## PRELIMINARY STATEMENT

Petitioner submits this Memoranda of Law in support of his application, made pursuant to CPLR Sections 7502 and 7503, for an order permanently staying the Arbitration No. 07-2396 before the NASD, annexed herein *per Exhibit 1* (the "Arbitration") commenced by Respondents, Greg Capra ("Capra") and Pristine Capital Holdings, Inc. ("Pristine Capital"). Petitioner is entitled to this relief because under New York law, an arbitration may be stayed where there is no valid agreement to arbitrate between the parties. In the instant case, there is no agreement to arbitrate between Petitioner and Respondents Capra and Pristine Capital. Moreover, Petitioner is not a member of the NASD or associated in any employment capacity with a member of the NASD or any securities industry self regulatory organization. Therefore, the relief sought should be granted in all respects and the Arbitration should be permanently stayed.

## STATEMENT OF FACTS

For a complete recitation of the facts underlying this application, the Court is respectfully directed to the accompanying verified petition ("Verified Petition") and the Affidavit of Oliver Velez of September 20, 2007 ("Velez Affidavit").

Petitioner makes the instant application before answering or otherwise participating in the NASD Arbitration because Respondents asserted claims against Petitioner are not subject to mandatory arbitration.

## FACTUAL BACKGROUND

In or about 1994, Petitioner and Capra founded Pristine Capital Management, Inc. with Petitioner and Capra holding 50% of the equity respectively.

2