UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OLIVER L. VELEZ

        Plaintiff,

v.

PRISTINE CAPITAL HOLDINGS INC.,
GREG CAPRA, AND FINANCIAL INDUSTRY
REGULATORY AUTHORITY,

Defendants.

07-cv-08524 (AKH)

REPLY DECLARATION OF
DAN A. DRUZ, ESQ.

Return date: January 15, 2008

---

Dan A. Druz, declares and says:

1. I am an attorney in good standing licensed to practice law in the State of New Jersey.

2. On behalf of the Defendants, on or about August 27, 2007 I filed at the Financial Industry Regulation Authority ("FINRA", and f/k/a "NASD") Dispute Resolution Inc., the financial industry's main arbitration facility, an arbitration proceeding on behalf of the Defendants against Plaintiff Velez.

3. The suit alleged numerous instances of misconduct by Velez, including the conversion of a quarter million dollars of company funds to his personal use.

4. In response, notwithstanding his admission that he had previously executed a U-4, which contains an agreement to arbitrate disputes; that he was informed by FINRA that he was required to arbitrate the controversy; and the fact that he had previously invoked the said agreement in another arbitration proceeding several years ago, on or about September 21, 2007, Plaintiff filed a Petition to Stay the Arbitration in New York Supreme, alleging that he was not required to arbitrate the controversy.

5. I am experienced arbitration counsel. I have also participated in numerous court proceedings related to securities industry disputes. Although I am not admitted to practice in the State of New York, I have appeared in a dozen New York proceedings, mostly related to arbitration matters, admitted *pro hac vice* with sponsorship by New York counsel Gregory S. Goodman with whom I often litigate such matters; and my application for

New York admission is pending, having previously passed the New York Bar exam.

6. I am also informed by my adversary that he would oppose my motion for admission *pro hac vice* in New York State court, thereby slowing the adjudication of the matter there, although Plaintiff alleges that it is the Defendants who wish to stall the adjudication of this matter. That opposition would be the first of its kind that I have experienced since I became a member of the New Jersey Bar more than a quarter century ago.

7. Based upon my consultation with colleagues in the "arbitration bar" and my own experience, it is my good faith determination that the federal court will provide my clients with a speedier determination of the parties' obligation to arbitrate and the ultimate and likely compelling of the matter to the arbitration venue, rather than leaving the matter to languish in New York Supreme in Manhattan,.

8. Accordingly, on October 2, 2007 I filed on behalf of the defendants a Notice of Removal of the controversy to this court.

9. On November 20, 2007, Plaintiff responded by filing a Motion for Remand and an opposition to my Motion to Compel Arbitration.

10. I have made this Declaration in further support of the Motion to Compel Arbitration, and in Opposition to the Motion for Remand.

11. Regarding these motions, I have billed my clients about $6,000.00 in fees.

Dated: 12/17/07

Dan A. Druz (DD6177)