UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OLIVER L. VELEZ

        Plaintiff,

v.

PRISTINE CAPITAL HOLDINGS INC.,
GREG CAPRA, AND FINANCIAL INDUSTRY
REGULATORY AUTHORITY,

Defendants.

07-cv-08524 (AKH)

REPLY DECLARATION OF
GREG CAPRA

Return date: January 15, 2008

---

Greg Capra, President and Chief Executive Officer of Pristine Capital Holdings, Inc., certifies and says:

1. I became the President and CEO of Pristine Capital Holdings ("PCH") in November, 2006, when Plaintiff Oliver Velez ("Plaintiff" or "Velez") was relieved of his executive duties by a majority vote of PCH's shareholders.

2. I make this Declaration in further support of Defendant PCH's motion to compel this matter to arbitration, and in Reply to Plaintiff's (Cross) Motion for Remand to the Supreme Court of New York for New York County.

3. I previously filed a Certification, in support of Defendants' motion to compel on October 30, 2007, detailing the procedural history of the case, as well as providing facts within my personal knowledge to support both the diversity and federal question jurisdictional underpinnings for the notice of removal.

4. In his Certification, Velez, a non-attorney, aside from many statements made not within his personal knowledge, and inappropriately asserting legal argument, mis-stated numerous pertinent facts that I will correct as follows.

5. As to the assertion of "diversity" jurisdiction, Mr. Velez states that PCH "maintains its principal place of business at 7-11 Broadway, Suite 210, White Plains, New York 10601," and infers that I am a New York citizen. Both of these statements are incorrect.

6. Mr. Velez lives in White Plains. He no longer works for PCH, and has not since February, 2007, thus the principal place of business of PCH is not within his personal knowledge since that time, including in October, 2007 when the Notice of Removal was filed. That information is, however, within my personal knowledge and is set forth below.

7. Prior to his removal as CEO in November, 2006, and his termination by PCH in February, 2007, Mr. Velez was the CEO of PCH, and at that time, the principal place of business was indeed the White Plains, New York office. I was the CEO, however, in all of 2007, and during that time I was in the New York office a total of five days only.

8. After I became the company's CEO in 2006, and during 2007, I began the process of moving the principal place of business from White Plains, New York to our Miami, Florida office. I am a citizen of Florida, reside in Florida in a Miami suburb, and work from PCH's Miami, FL office, which is presently located at 2333 Brickell Ave, Suite UL7, Miami, FL 33129. The office has been at that location for two years.

9. In fact, as evidenced by the annexed business licenses, Exhibits "A" and "B", PCH has maintained an office in Miami, Florida since at least in or about 2004, although at a different location, and in fact, we have had an office there since in or about 2000.

10. PCH is incorporated in Delaware.

11. From Florida, I direct, promote and supervise the business of PCH, which, at its most elemental level, is the advancement of the synergistic relationship between PCH's two subsidiary companies, Pristine Services Inc. and Pristine Securities LLC. The specific details of the workings of that business model were set forth in my Certification of October 30, 2007 in support of the Motion to Compel Arbitration. Additionally, I direct the business of the educational subsidiary, Pristine Services Inc. ("PSI"), from Florida as well, composing content for seminar presentations, and other publications; and acting as moderator for the internet client "live chat rooms".

12. Briefly, PSI, the subsidiary on the education side of PCH's business, develops new clients – investors who wish to learn how to transact profitably in the stock market. The new PSI clients are then referred to FINRA member firm Pristine Securities (a/k/a Mastertrader.com or "MTC"), for execution of their transactions, if they decide to implement the knowledge provided to them for becoming self-directed traders.

13. PCH's entire executive team consists of the following four individuals: myself, Jaime Annexy, Anthony Nunes and Ronald Wagner. In fact, not a single executive of PCH works in White Plains, New York. Vice-President Jaime Annexy, the licensed and registered head of Pristine Securities lives in Miami, and works in our Miami Florida office, PCH's principal place of business, along with me. Vice-President Anthony Nunes, the head of Pristine Services works from California, and Vice-President Ronald Wagner, the head of Pristine Education is located in Colorado. The Nevada office is comprised of six employees who staff our Sales and Customer Support Departments.

14. The only executive of PCH who worked in our White Plains, New York during the last four years was Velez, who, obviously, is no longer with our firm.

15. Still located there are a few PCH employees in the IT and Bookkeeping divisions.

16. Now that I am running the firm, as I was doing at the time of the filing of this matter, and for almost a year previously, the principal place of business of PCH is where I work and reside, which is in Miami, Florida, the state of which I am also a citizen. The great majority of the day to day business of PCH is directed by Mr. Annexy and me from Miami.

17. Regarding the motion to compel and federal question jurisdiction, as set forth in my prior Certification in support of this application, the National Association of Securities Dealers, Inc. ("NASD" and n/k/a "FINRA") is a self-regulatory organization ("SRO") formed pursuant to the federal securities laws to regulate the U.S. securities markets.

18. As part of its regulatory obligations, the NASD required Velez and I to become licensed individuals with that self-regulatory organization ("SRO"), which we did in 2001. Our member firm broker dealer was already subject to that organization's regulatory jurisdiction, but as a result of our licensure, we also submitted the other subsidiary and PCH to the aegis of the SRO, whose responsibility it is to enforce the federal securities laws.

19. As we have complained in our Statement of Claim before FINRA Dispute Resolution (in the arbitration proceeding that triggered Velez' Petition to Stay Arbitration before the Supreme Court of New York), and annexed to my Certification dated October

4

30, 2007, Velez has thwarted PCH's ability to comply with FINRA demands for information, made pursuant to federal securities statute, SEC regulation and SRO rule.

20.  Velez correctly admits that he executed a U-4. Both Velez and I reviewed the U-4 prior to completing it and discussed it in depth with each other and with others. Having previously been involved in an NASD arbitration proceeding that included PCH, PSI, MTC, Velez and me as parties, in which we were jointly and severally awarded more than $160,000.00 against another company (NASD Case No. 03-06185 – In Re: Pristine Securities LLC d/b/a Mastertrader.com, Pristine Services, Inc., Pristine Capital Holdings, Inc., Oliver L. Velez, and Gregory Capra v. Instinet Clearing Services, Inc., Terra Nova Trading, LLC, and George Muniz), we both clearly understood and were keenly aware that the U-4 contained an arbitration agreement, and that it required all of our companies, and both of us as individuals, to arbitrate our disputes between and among ourselves and others associated with the securities industry;

21.  FINRA Dispute Resolution has reaffirmed its jurisdiction over the controversy and the parties to the arbitration claim, especially including Velez, by letter dated September 21, 2007, annexed hereto as Exhibit "C".

                                                                             _/s/ Greg Capra_
                                                                             Greg Capra

Dated: December 17, 2007

# EXHIBIT A



# City of Miami
## CERTIFICATE OF USE

**THIS IS NOT A BILL**

DATE ISSUED: 02/23/04
VALID FROM: 01/01/04 TO: 12/31/04
ACCOUNT NO: 445523-517587
SERVICE ADDRESS: 200 S. BISCAYNE BLVD #2675
APPROVED USE: CU05-OFFICE BUILDINGS - C.U.
RESTRICTIONS:

PRISTINE CAPITAL HOLDING INC
200 S BISCAYNE BLVD 2675
MIAMI FL 33131

- PLEASE DISPLAY THIS CERTIFICATE IN A CONSPICUOUS LOCATION AT OCCUPANCY ADDRESS.
- FAVOR DE MOSTRAR ESTE CERTIFICADO EN UN SITIO VISIBLE EN LA DIRECCION DEL COMERCIO.

NOTICE: This certificate is Non-Transferable. If you relocate, sell the business, or change the type of business a new certificate must be obtained from Building and Zoning at 444 S.W. 2nd Avenue, 4th floor, Phone (305) 416-1139

DOC #05 (6/97)

---

# City of Miami
## FIRE SAFETY PERMIT

DATE ISSUED: 02/28/04
VALID FROM: 01/01/04 TO: 12/31/04
ACCOUNT NO: 445522-511118
SERVICE ADDRESS: 200 S BISCAYNE BLVD #2670
APPROVED USE: CU05-OFFICE BUILDINGS - C.U.
RESTRICTIONS:

MASTER TRADER COR
200 S BISCAYNE BLVD 2670
MIAMI FL 33131

- PLEASE DISPLAY THIS CERTIFICATE IN A CONSPICUOUS LOCATION AT OCCUPANCY ADDRESS.
- FAVOR DE MOSTRAR ESTE CERTIFICADO EN UN SITIO VISIBLE EN LA DIRECCION DEL COMERCIO.

NOTICE: This certificate is Non-Transferable. If you relocate, sell the business, or change the type of business a new certificate must be obtained from Building and Zoning at 444 S.W. 2nd Avenue, 4th floor, Phone (305) 416-1139

DOC #05 (6/97)

# EXHIBIT B

| MIAMI-DADE COUNTY<br>TAX COLLECTOR<br>140 W. FLAGLER ST.<br>14th FLOOR<br>MIAMI, FL 33130 | 2004  OCCUPATIONAL LICENSE TAX  2005<br>MIAMI-DADE COUNTY, STATE OF FLORIDA<br>EXPIRES SEPT. 30, 2005<br>MUST BE DISPLAYED AT PLACE OF BUSINESS<br>PURSUANT TO COUNTY CODE CHAPTER 8A - ART. 9 & 10 | FIRST-CLASS<br>U.S. POSTAGE<br>PAID<br>MIAMI, FL<br>PERMIT NO. 231 |
|---|---|---|

489562-0

THIS IS NOT A BILL-DO NOT PAY    RENEWAL

BUSINESS NAME / LOCATION                    LICENSE NO.    511002-8
PRISTINE CAPITAL HOLDINGS INC
200 S BISCAYNE BLVD          2675
33131 MIAMI

OWNER
PRISTINE CAPITAL HOLDINGS INC
Sec. Type of Business                         EMPLOYEE/S
213 COMPUTER/DATA PROCESSING SERV               1

THIS IS AN OCCUPATIONAL TAX ONLY. IT DOES NOT PERMIT THE LICENSEE TO VIOLATE ANY EXISTING REGULATORY OR ZONING LAWS OF THE COUNTY OR CITIES, NOR DOES IT EXEMPT THE LICENSEE FROM ANY OTHER LICENSE OR PERMIT REQUIRED BY LAW. THIS IS NOT A CERTIFICATION OF THE LICENSEE'S QUALIFICATION.

DO NOT FORWARD

PRISTINE CAPITAL HOLDINGS INC
ATT: JAIME ANNEXY
200 S BISCAYNE BLVD 4700
MIAMI FL 33131

PAYMENT RECEIVED
MIAMI-DADE COUNTY TAX COLLECTOR:
09/20/2004
20030000031
000045300

SEE OTHER SIDE

# EXHIBIT C

**FINRA Dispute Resolution**

Northeast Region
One Liberty Plaza | 165 Broadway, 27th Floor | New York NY | 10006-1400 | 212 858 4200 | Fax 301 527 4873

September 21, 2007

Oliver L. Velez
14 Richbell Road
White Plains, NY 1065

Subject:   FINRA Dispute Resolution Arbitration Number 07-02396
           Greg Capra and Pristine Capital Holdings Inc. v. Oliver L. Velez

Dear Mr. Velez:

Further to Claimant's letter dated September 18, 2007, we write to confirm that your submission to this arbitration is mandatory and not voluntary. The service letter dated September 14, 2007 sent to you was incorrect due to clerical error.

Therefore, you are required by the Rules of FINRA Dispute Resolution to arbitrate this matter. Any inconvenience as a result of the aforesaid error is regretted.

Very truly yours,


Paula Union
Case Administrator
212-858-4200 FAX:301-527-4904


PRU:CXM:LC53A
idr:07/07

CC:
    Dan A. Druz, Esq., Greg Capra
    291 E. Main St., Suite 1000, Manasquan, NJ  08736
    Dan A. Druz, Esq., Pristine Capital Holdings Inc.
    291 E. Main St., Suite 1000, Manasquan, NJ  08736

RECIPIENTS:
    Oliver L. Velez
    14 Richbell Road, White Plains, NY  1065