FRANKLIN I. OGELE (FO-0040)
LAW OFFICE OF FRANKLIN OGELE
ONE GATEWAY CENTER, SUITE 2600
NEWARK, NJ 07102
ATTORNEY FOR OLIVER L. VELEZ

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------X

OLIVER L. VELEZ

       Plaintiff

vs.

FINANCIAL INDUSTRY
REGULATORY AUTHORITY
GREG CAPRA AND
PRISTINE CAPITAL HOLDINGS, INC.

       Defendants
-----------------------------------------------X

07-CV-08524 (AKH)

VELEZ MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND IN FURTHER OPPOSITION TO DEFENDANTS' MOTION FOR REMOVAL

OLIVER L. VELEZ, ("Velez") through his Counsel, Franklin I. Ogele, Esq. hereby files this Memorandum in Opposition to Defendants' Motion to Compel Arbitration and in further Opposition to Defendants' Motion for Removal and for Costs and Fees.

PROCEDURAL POSTURE

This case was originally brought by Pristine Capital Holdings Inc. ("Pristine Capital") in June 2007 against Velez in the Federal District Court, Southern District of New York. The suit alleged copyright and trademark infringement and other state causes of action. Honorable Judge William Pauley III quickly saw that there was no federal question and recommended that the suit be withdrawn. ***The Court is respectfully invited to review the***

1

*transcript of Pristine Capital Holdings v. Velez Capital Management 07- cv-5720 (WHP) attached to* <u>Exhibit A</u> *herein[1].*

After withdrawing the federal suit, Pristine Capital joined with Greg Capra ("Capra") and filed an Arbitration Complaint against Velez before the Financial Industry Regulatory Authority ("FINRA") seeking to arbitrate the same claims which Pristine Capital had alleged in the withdrawn federal lawsuit. The Arbitration Complaint did not include the alleged copyright and trademark infringement claims. ***The Court is respectfully invited to review*** <u>***Exhibit 2***</u> ***to Velez' November 16, 2007 Memorandum of Law filed earlier.***

On or about September 20, 2007, Velez filed a Petition before the Supreme Court of the State of New York, County of New York, seeking to Permanently Stay the FINRA Arbitration ("Velez' Motion to Stay"). Velez' Motion to Stay is based on New York case law that requires that a person must consent in writing before he or she may be compelled to arbitrate. ***The Court is respectfully invited to review*** <u>***Exhibit 3***</u> ***to Velez' November 16, 2007 Memorandum of Law filed earlier.***

Instead of opposing Velez Motion to Stay in New York Supreme Court, Capra and Pristine Capital ("Defendants") filed a Notice of Removal (the "Removal Notice") and removed the case to this federal court.

We have since the Removal Notice been literally "scratching our heads" to figure out why this matter was removed to the federal court and recently became aware that the real reason why the June 2007 case and Velez Motion to Stay were dragged to the federal court was because Counsel Druz is not licensed to practice law in the State of New York. Velez only became aware of Counsel Druz' incapacity when he (Counsel Druz) sought Velez's cooperation for *a pro hac vice* appearance in another case brought by Velez

---

[1] *Defendants may wish to dismiss the reason they were told to withdraw the June 2007 case as inconsequential. However, a close reading of the transcript clearly shows that Judge Pauley III simply could not find the federal question in the pleadings that warranted the federal lawsuit.*

before the Supreme Court of New York in which Counsel Druz is also a defendant[2]. **_Please See Exhibit B herein._**

Significantly and in their rush to get into the federal court, Defendants have ignored an Order to Show Cause which was filed by Velez under NY CPLR Article 63 as part of the Motion to Stay. Defendants have neither answered the Order to Show Cause nor appeared in connection therewith. The Order to Show Cause only seeks temporary restraints on Defendants' proceeding with the Arbitration until the Court rules on the arbitrability of the claims. Meanwhile, and in spite of their failing to answer or put in an appearance on the Order to Show Cause, FNRA has advised Velez that it wishes to proceed with the Arbitration and Defendants Capra and Pristine Capital have basically urged FINRA to proceed with the Arbitration. **_See Exhibit C._**

Velez's appearance before this Court in this matter which is clearly lacking in federal subject matter jurisdiction and diversity of citizenship must therefore be seen within the context of Counsel Druz incapacity to appear before the Courts of the State of New York[3]. That explains the rush to the federal court in the June 2007 federal case and the Removal Notice at issue here. The Court is therefore respectfully urged to focus its inquiry on whether this case was improvidently removed in the first instance.

---

[2] *Our consternation over why Velez is in federal court over his Petition to Stay is no different from that of Counsel Lilling who represented Velez in the June 2007 federal case. According the transcript of the June 2007 federal case, Counsel Lilling was also confused as to whether the charge against Velez was copyright infringement which entitled the parties to a day in federal court or false advertising which could be heard in the state court. **Please see page 7 of 11 of the June 2007 transcript per Exhibit 1 herein.** What Counsel Lilling did not know was that the hidden reason he was in federal court defending Velez on a matter that had absolutely no federal question was because Counsel Druz could not appear before the New York State court because he is not licensed to practice law in New York.*

[3] *Velez is not opposed to having this matter litigated. However, the matter must be litigated in a state court with all the panoply of legal and evidentiary protections, not in an arbitration where Velez cannot be compelled to arbitrate or in the federal court which has no subject matter jurisdiction. The problem is that Counsel Druz keeps skipping the New York State court and bringing this matter to the federal court and FINRA Arbitration because he is not licensed to practice law in state of New York.*

This case was improvidently removed for the following reasons:

POINT I - LACK OF FEDERAL SUBJECT MATTER JURISDICTION

As Velez has extensively briefed the Court in his November 16, 2007 Memorandum of Law, neither Arbitration Complaint nor Velez' Petition to Stay contains any federal question. In fact, there is not a single allegation of violation of federal securities law in the Arbitration complaint or in Velez's Petition to Stay.

This case, when reduced to its bare elements, is a contract dispute. The case law is clear that arbitration is a matter of contract. Velez admits that he executed a Form U-4 which incorporates by reference an agreement to arbitrate. However, his agreement to arbitrate terminated with the filing of a Form U5 for him by Pristine Securities, Inc., the FINRA member firm.

The three cases cited by Defendants, namely; Barrowclough v. Kidder, Peabody & Co., Inc., 752 F.2d, 923, 938 (1985); Kaplan v. First Options of Chicago, Inc. 19 F.3d 1503, 1512 (3d Cir.1994) and O'Neel v. National Association of Securities Dealers, Inc., 667 F.2d 804 - 807, to make the case that Velez may be compelled to arbitrate after his registration was terminated are totally distinguishable from the Arbitration at issue here and therefore not controlling here.

In each of the three cases, the broker-dealer employee of the registered representative was either the party that brought the action against the brokerage employee or joined the case against the brokerage employee via a cross complaint. In contrast, Velez is **_not_** being sued in this Arbitration by Pristine Securities, the broker-dealer at which Velez was registered. Significantly, *O'Neel* also clearly exempts from compelled arbitration a person who was registered with a broker-dealer because he/she was an investor in the broker-dealer.

In *O'Neel,* the Arbitration was brought via a cross complaint by the broker-dealer that employed O'Neel. The Arbitration at issue here was **_not_** brought by Pristine Securities, the broker-dealer at which Velez was registered. To the contrary, the Arbitration was brought by *Pristine Capital,* a non registered entity and a non FINRA member firm.

Pristine Capital is not a FINRA member firm and never executed a Form U4 agreeing to arbitrate disputes; therefore its standing to arbitrate is also questionable and distinguishable from *O'Neel.* Moreover, unlike the *O'Neel* case where O'Neel was employed by Birr, Wilson & Co, Inc. and acted as a stockbroker of Birr, Wilson, Velez was never employed by Pristine Securities. He (Velez) had no employment contract with Pristine Securities and was never compensated by Pristine Securities.

The other Plaintiff in the FINRA Arbitration is Capra. Capra's registration with Pristine Securities Inc. was also terminated at the time Velez' registration was terminated and similar to Velez, Capra was never an employee of Pristine Securities[4].

The real question is: why is Pristine Securities Inc. **_not_** a party to the Arbitration at issue here? The answer is because the allegation against Velez has nothing to do with his conduct as a registered representative of Pristine Securities. To the contrary, the allegations had to do with Velez' employment with Pristine Capital, a non registered person and a non FINRA member firm.

An analysis of FINRA's Code of Arbitration shows that the matter at issue is certainly not subject to arbitration for the following reasons:

1.     FINRA Arbitration facility is designed primarily for customer disputes. This is clearly evident from the caption of Rule 12000 of FINRA's Code of Arbitration which clearly states that the Code of Arbitration is for Customer Disputes. Neither Pristine

---

*[4]. Similar to Velez, Capra is an indirect owner of Pristine Securities, Inc. and was registered with Pristine Securities solely because he is an investor in Pristine Securities through his 47% ownership of Pristine Capital, the non member firm .Moreover, since O'Neel clearly exempts from arbitration a person who is registered solely because he or she is an investor in a broker-dealer, Capra, may not under O'Neel, compel Velez to arbitrate.*

Capital nor Capra is alleged to be a customer of Pristine Securities in the FINRA Arbitration at issue in this litigation.

2.      Although non customer parties, such as industry members and associated persons, may arbitrate under Rule 12200, such arbitration is only permissible if there is a written agreement between the parties. To the contrary, Velez has no agreement to arbitrate with Capra or Pristine Capital and to the extent such agreement existed, it was terminated by the filing of the Form U5 for Velez by Pristine Securities.

3.      FINRA's Code of Arbitration Rule 13200 clearly states that only dispute arising out of the business activities of a member or an associated person and between or among: Members, Members and Associated Persons; or Associated Persons may be arbitrated. The FINRA Arbitration against Velez has nothing to do with the business of Pristine Securities or with Velez business activities in relation to his employment **_or_** registration with Pristine Securities[5].   Although Velez certainly comes under the definition of "associated person" per FINRA Code of Arbitration Rule 12100(a) and 12100(r), his associated person's status is clearly exempt from compelled arbitration under *O'Neel* once his registration was terminated because he was registered with Pristine Securities solely because he is an investor in Pristine Securities through his 47% ownership of Pristine Capital.

4.      Since *O'Neel* was a case in which the broker-dealer employee of O'Neel sued O'Neel for misconduct relating to O'Neel's employment at the broker-dealer and since this FINRA Arbitration at issue was **_not_** brought by Pristine Securities *O'Neel* is definitely not controlling.

5.      Finally, the most significant reason why *O'Neel* is not controlling here is because *O'Neel* clearly carves out an exception for a person whose registration is solely because

---

[5] *FINRA's Code of Arbitration necessarily contemplates that only matters relating to a member firm's business should be eligible for arbitration. If that was not the case, then Stockbroker A who agreed to deliver a bag of rice to Stockbroker B may be sued in FINRA Arbitration by Stockbroker B for failing to perform on the rice delivery contract.*

he or she is an investor in a broker-dealer. While *O'Neel* holds that an agreement to arbitrate survives the termination of a registered representative's registration, the *O'Neel* Court also held that:

…… *"The only exception to this fundamental rule is found in those cases where the registered representative or the stock brokerage employee acted in the capacity of an investor, rather than an employee. Id. at 806. Italics added.*

Velez's role was solely as an investor in Pristine Securities. Velez owns 47% of Pristine Capital which in turn owns Pristine Securities. Velez had no role in the management of Pristine Securities nor acted as a stockbroker, employee or registered representative of Pristine Securities. Velez only registered with Pristine Capital because he was an indirect owner of Pristine Securities through his 47% ownership of Pristine Capital.

## POINT II - ABSENCE OF DIVERSITY OF CITIZENSHIP

As Velez has extensively briefed the Court, there is no diversity of citizenship to warrant federal jurisdiction. Velez' contention that Pristine Capital has its principal place of business in New York is supported by Defendants' own pleadings both in the June 2007 federal case and in the Arbitration complaint. Defendants are now essentially arguing that Pristine Capital had just completed moving its principal place of business to Miami at the end of August 2007 or just about the time they filed papers in the FINRA Arbitration stating they were still operating out of New York

The FINRA Arbitration – which clearly locates Pristine Capital's principal place of business in White Plains, NY - appears to have been filed on or about the end of August 2007[6]. It is strangely fortuitous (if not contrived) that Pristine Capital had just completed its move to Miami at the end of August – or just about the time the FINRA Arbitration was filed.

---

[6] *Although the FINRA Arbitration Complaint was dated August 17, 2007, we have no record as to when it was actually filed with FINRA. Velez was served the Statement of Claim in September 2007.*

Significantly, Defendants' contention that Pristine Capital had just completed its move to Miami at the end of August 2007 is not even supported by the record. The Court should note that the only papers provided by Defendants in support of their position are City of Miami and Miami Dade County Fire Department receipts that expired back in 2004. If it is really true that Defendants have been gradually moving their principal place of business since January 2007 when Velez resigned – literally 12 months ago – culminating in its final move in August 2007, just at the nick of time for Pristine Capital to file its Removal papers and use Miami as its principal place of business, why is it that the only documents they have presented to support their position are City of Miami and Miami Dade County Fire Department receipts that expired in 2004? Furthermore, if it is really true that Pristine Capital had started to move its principal place of business almost 12 months ago to Florida, why is it that there is no lease, sublease or even cancelled checks evidencing rental payments by Pristine Capital to support the claim that Pristine is a tenant at the claimed address.

The simple fact is that there is nothing in the State of Florida Department of State, Division of Corporations database that shows that Pristine Capital has a principal place of business in Florida. To the contrary, Pristine Capital's registration with the Florida Division of Corporations is designated "INACTIVE" AND "REVOKED". Furthermore, the database of Florida Division of Corporations clearly states that Pristine Capital's PRINCIPAL ADDRESS is in White Plains, NY. Finally, and in spite of their claim to the contrary, Pristine Capital's website continues to list White Plains, NY as Pristine Capital's Corporate Headquarters and even the phone number for Corporate and International Callers per the website is still a White Plains, NY number. This fact is that all the records, namely the State of New York and the State of Florida Department  of Corporation's records, Pristine Capital's own website and its own pleadings, all support Velez' position that Pristine Capital has its principal place of business in White Plains, NY. ***See Exhibit D.***

PONT III - COUNSEL FEES.

Defendants have attacked Counsel fees as excessive. As Velez has extensively briefed the Court, 28 USC §1447(c), provides that the Court may award *"just costs and any actual expenses, including attorney fees, incurred as the result of the removal" (Italics added)* where the Court finds that the removal was not warranted. While the Court certainly has the discretion to make such award, the Counsel fees tendered in Velez papers are not excessive, when compared with the rates charged by Counsel's securities industry lawyer peers. ***See Exhibit E.***

POINT IV – CONCLUSION

It is clear from the foregoing that there is no federal subject matter at issue in this litigation. Neither the Arbitration Complaint nor Velez Motion to Stay contains any colorable federal claim. The vague or generalized reference by Defendants to *"Plaintiff's connection to federal securities regulations and federal regulatory scheme by which the SEC and FINRA monitor member firm conduct ……(per page 11 of Defendant's Memorandum December 17, 2007 Memorandum of Law)* still does not present a particularized allegation of federal law violation under the Well-Pled Doctrine to warrant federal intervention.

The simple fact is that Defendants could have made the same case in the New York Supreme Court – which could easily have ruled for or against Velez – but because Counsel Druz could not get into the New York State Court, he has, instead of simply advising his client of his incapacity or applying for a *pro hac vice* appearance, literally turned this matter into a federal case. As a consequence, Velez has expended costs and fees to respond to this improvident removal.

Therefore, Velez prays that this should be remanded to the New York state court and Capra and Pristine Capital should be ordered to reimburse Velez for his attorney fees and costs.

_____s/s
Respectfully Submitted:
Franklin I. Ogele, Esq. (FO-0040)
Attorney for Oliver Velez
One  Gateway Center, Suite 2600
Newark, NJ 07102
Cell Ph. 973 277 4239
Office Ph. 973 645 0565
Fax 973 923 7890


Date_____


VELEZOPPO2