FRANKLIN I. OGELE (FO-0040)
LAW OFFICE OF FRANKLIN OGELE
ONE GATEWAY CENTER, SUITE 2600
NEWARK, NJ 07102
ATTORNEY FOR OLIVER L. VELEZ

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

OLIVER L. VELEZ

    Plaintiff

vs.

FINANCIAL INDUSTRY
REGULATORY AUTHORITY
GREG CAPRA AND
PRISTINE CAPITAL HOLDINGS, INC.

    Defendants

----------------------------------------X

INDEX #07/112799

CIVIL ACTION #07-CV-08524 (AKH)

DECLARATION OF OLIVER VELEZ

STATE OF NEW YORK  )
                       ) ss
COUNTY OF NEW YORK  )

OLIVER VELEZ, being duly sworn, deposes and says:

1.    I am the Defendant or Respondent in the FINRA Arbitration Complaint filed Greg Capra ("Capra") and Pristine Capital Holdings, Inc. ("Pristine Capital").

2.    After being served with the Arbitration Complaint papers, I filed a Petition under New York's CPLR 7503(b) with the New York State Supreme Court to Stay the Arbitration because I have not consented to arbitrate. I have knowledge of the facts in the case based upon personal knowledge as well as upon my examination of the relevant documents.

1

3. Instead of filing an Answer to my Petition to Stay the Arbitration, Capra and Pristine Capital filed this *ex parte* Notice of Removal which removed my Motion to Stay Arbitration to this Court.

4. I submit this Certification in support of my Reply in Opposition to Defendants' Motion to Compel Arbitration and in further Opposition to Defendants' Motion for Removal and for costs and fees because neither my opponents Arbitration Complaint nor my Motion to Stay Arbitration contains any federal subject matter. Moreover, there is no diversity of citizenship to warrant removal because (1) Pristine Capital conducts business from and maintains its principal place of business in White Plains, New York and (2) Capra, Pristine Capital's current President and CEO, also conducts business out of Pristine Capital's White Plains, NY office.

## FACTUAL BACKGROUND

5. In or about 1994, I founded Pristine Capital Management, Inc. with Capra. At that time, I held 50% of Pristine Capital while Capra held the remaining 50%.

6. In or about 2001, Capra and I also founded Pristine Securities, Inc., a broker-dealer and a member of the Financial Industry Regulatory Authority ("FINRA" f/k/a NASD ("Pristine Securities" or the "Broker-Dealer").

7. In or about 2001, I founded Pristine Services, Inc. with Capra.

8. In or about 2001, Capra and I formed Pristine Capital Holdings Inc. and dissolved Pristine Capital Management, Inc. Pristine Capital Holdings Inc. became the holding company for Pristine Securities and Pristine Services, Inc. In addition, the shares of Pristine Capital were allocated 47% to me and 47% to Capra respectively.

9. I was the Chief Executive Officer of Pristine Capital Holdings, Inc.

10. I was never employed by Pristine Securities; nor had any employment agreement with Pristine Securities. Furthermore, I had no role in the management of Pristine Securities; my role in Pristine Securities was limited solely to that of a capital contributor or capital participant.

11. Although I was registered with Pristine Securities, my registration was solely because I was an indirect investor or stockholder of Pristine Securities through my 47% ownership interest in Pristine Capital, the parent company of Pristine Securities.

12. On or about December 2006, I resigned from my position as CEO of Pristine Capital.

13. On or about January 2007, I also resigned from my position as an Associated Person and/or Registered Person of Pristine Securities.

14. In order to effectuate my resignation, Pristine Securities filed a Form U-5 with the NASD. The filing was made on or about February 13, 2007.

15. As a result of my resignation and submission of Form U-5, and upon information and belief, my consent to arbitrate disputes per the Form U-4 was effectively terminated.

## BASIS FOR MY OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND MOTION TO REMOVE AND FOR FEES AND COSTS

18. There is no federal subject matter in the FINRA Arbitration Complaint and in my Motion to Stay Arbitration to warrant the removal. Furthermore, there is no allegation in the FINRA Arbitration Complaint or in my Motion to Stay of violation of any federal securities laws or any federal law.

19. There is no diversity of citizenship. Pristine Capital maintains its principal place of business at 7-11 Broadway, Suite 210, White Plains, New York 10601. Pristine

Capital's White Plains principal place of business is unequivocally confirmed by Pristine Capital's own FINRA Arbitration Complaint and in its withdrawn federal lawsuit. In both documents Pristine Capital clearly stated that its principal office is in White Plains, New York.

20. Upon information and belief, all of Pristine Capital's divisions, including its Finance, Administration, Technology and Web Services are all run out of the White Plains, NY corporate offices.

21. Furthermore, Capra is clearly stated in the Arbitration Complaint as the President and CEO of Pristine Capital and therefore conducts business in the State of New York.

22. The allegations against me in the FINRA Arbitration stem from my employment at Pristine Capital, a non member firm and I understand that only matters relating to the business of a FINRA member firm or relating to my activities as an associated person of a member firm are eligible for FINRA Arbitration.

23. Pristine Securities, the broker-dealer at which I was registered is not a party to the FINRA Arbitration. Pristine Capital, a non FINRA member firm which has not executed any Form U4 to arbitrate is the entity that filed the Arbitration. The other party to the FINRA Arbitration is Capra. Capra is a co-owner (with me) of Pristine Securities by virtue of his ownership of 47% of Pristine Capital.

24. Capra was also registered as an associated person of Pristine Securities solely because he is co-owner (with me) of Pristine Securities via his 47% interest in Pristine Capital.

25. Upon information and belief, Capra's registration with Pristine Securities was also terminated about the time my registration was terminated, i.e., on or about February 2007.

4

26. In the absence of federal subject matter jurisdiction and diversity of citizenship, and since I understand that the case law exempts from compelled arbitration a person who is registered with a broker-dealer because he or she is an investor, I am compelled to file this Reply in Opposition to Defendant's Motion to Compel Arbitration and in further Opposition to Defendant's Motion for Removal.

27. Upon information and belief, my Motion to Stay Arbitration is Special Proceeding which should have been heard forthwith in New York state court. As a result of Capra and Pristine Capital's improvident removal of this matter I have been compelled to incur substantial expense and attorney fees to litigate this matter from your Honorable Court to New York State court.

28. Therefore, I pray the Court to (1) Remand this matter to the Supreme Court of New York, (2) Dismiss Capra and Pristine Capital's Notice of Removal and (3) Order Capra and Pristine Capital to reimburse me for fees, costs and attorney fees.

Sworn to before me this

3rd day of January, 2008

_____
OLIVER L. VELEZ

_____
NOTARY PUBLIC

WESLEY M. SERRA
Notary Public, State of New York
No. 02SE6023014
Qualified in Westchester County
Commission Expires Apr. 12, 2008

Velezaffidavit3